In the Matter of the ESTATE of Mary Groh STAAB, Deceased.

The HOME OF the GOOD SHEPHERD OF SIOUX CITY, Appellant,

v.

Mary Groh STAAB ESTATE and Heirs At Law of Mary Groh Staab, Appellees.

No. 54675.

Supreme Court of Iowa.

Dec. 15, 1971.

------◆------

Paul J. Yaneff, Sioux City, for appellant.

E. P. Murray, Le Mars, for appellee Estate of Mary Groh Staab.

Orville Hames, Remsen, for appellees Heirs of Mary Groh Staab.

REYNOLDSON, Justice.

The Home of the Good Shepherd of Sioux City, Iowa, claiming to be a residuary beneficiary under testator's will, filed motion under rule 236, Rules of Civil Procedure, to set aside a default judgment entered against it in an estate declaratory judgment proceeding. This appeal is taken from holding of trial court overruling the motion. We affirm.

Testator Mary Groh Staab executed her will on February 3, 1959. Except for two specific bequests of $1000 to cousins, the balance of her estate was given to named Catholic charities and churches by specific and residuary bequests. Paragraph Nineteen, the residuary bequest, provided:

"All the rest, residue and remainder of my property of whatever kind or nature, I give, devise and bequeath unto St. Joseph's Roman Catholic Church, Le Mars, Iowa, to be used in payment of church debt or such other purpose as the pastor in charge shall deem proper, St. Monica's Home, Sioux City, Iowa, St. Anthony's Orphanage, Sioux City, Iowa, and Good Shepherd's Home, Sioux City, Iowa, in equal shares, share and share alike."

The executors filed an application captioned: "Application to determine whether certain devisees are in existence, to construe will, to determine whether certain bequests have lapsed and to determine names of heirs of deceased, and request for Declaratory Judgment." District court directed notice by publication for three consecutive weeks, date of publication to be at least 20 days prior to time of hearing fixed. It also directed at least 20 days' notice by certified mail to specified interested parties, including "Good Shepherd's Home, Sioux City, Iowa." Notice was given as directed, and the notice to the Home was returned unclaimed. In addition, a notice by certified mail was sent to "Sisters of Good Shepherd, c/o Convent of Good Shepherd, 931 Blair Avenue, St. Paul, Minnesota, 55104." The return receipt, dated January 11, 1969, carried addressee's signature "Srs of Good Shepherd."

The notice clearly stated the application requested the court to determine whether Good Shepherd's Home, Sioux City, Iowa, was in existence; and if not, to determine whether its bequest would be payable to Villa Maria, Sioux City, Iowa (operated by Catholic Charities for a similar purpose) or if not, then whether it would be payable to the other residuary beneficiaries. It gave notice the court would determine whether any of the bequests had lapsed and if so, whether these bequests would pass as intestate property to decedent's heirs.

When the application came on for hearing on February 18, 1969, Good Shepherd Home did not appear nor was it represented. On that date Catholic Charities of the Diocese of Sioux City filed answer alleging Good Shepherd's Home, Sioux City, Iowa "is no longer in existence having been closed in June 1963." It prayed that Catholic Charities, for and on behalf of Villa Maria, receive the share bequeathed to the Home.

Declaratory judgment, filed March 11, 1969, decreed the residuary bequest to Good Shepherd Home had lapsed and that it passed as intestate property to decedent's heirs.

On April 16, 1969, The Home of the Good Shepherd of Sioux City, a corporation, filed motion to set aside this judgment. However, Catholic Charities of the Diocese of Sioux City had already filed notice of appeal to this court. By order of the Supreme Court all proceedings on the motion to set aside the judgment were stayed until final determination of the appeal.

The declaratory judgment was affirmed by this court, In re Estate of Staab, 173 N.W.2d 866, filed January 13, 1970.

The motion to set aside the judgment was then heard in district court and denied by ruling entered July 1, 1970. Notice of appeal was filed by The Home of the Good Shepherd of Sioux City. Appellee's briefs and arguments were filed on behalf of the estate and on behalf of the heirs at law of decedent.

■ Appellant assigns "Propositions relied on for reversal" although we have said many times the application to set aside default and judgment under rule 236, R.C.P. is to be determined at law and not in equity. Claeys v. Moldenschardt, 260 Iowa 36, 148 N.W.2d 479 (1967). These propositions are argued in two divisions, one apparently based on trial court's finding of jurisdiction over appellant at the original hearing and the other grounded on trial court's alleged error in overruling the motion.

I. *Did trial court have jurisdiction over appellant in the probate declaratory judgment proceeding?*

When testator executed her will in 1959, Good Shepherd's Home was a viable Sioux City institution for disturbed teenage girls. It held the necessary license from the state social welfare department. Operating staff was furnished by the international order, Sisters of the Good Shepherd. The admin-

istrative head of the order is in Rome. Subordinate control is exercised by Mother Provincials. The Mother Provincial who directs members of the order in the province including Sioux City resides in St. Paul.

Evidence adduced in the hearing below substantiates our prior opinion, that in mid-year 1963 the Home's operating license was discontinued, the property sold, the building razed and the ground converted to another purpose. The corporate minute book shows the last entry to be June 7, 1963. Girls at the Home were sent to a similar Omaha facility. Sisters who operated the Home were reassigned to Omaha and St. Paul. Subsequently Good Shepherd Home had no Sioux City address. Movant's Sister witness testified "If anyone wanted to get in touch with the Good Shepherd, they would have to contact either Omaha or St. Paul." As operations of the Home in Sioux City were phased out she advised numerous referral agencies so that girls needing help might be sent to Omaha. She knew of no effort to advise the Secretary of State of Iowa of any change in the officers of the corporation or any change of address for any of the officers or directors. At time of notice and hearing none of the claimed officers of the Iowa corporation were residents of Iowa.

Executor Ahlers, called as adverse witness by movant, testified he did not know movant was incorporated. He did not check the recorder's office or the office of the Secretary of State. He did consult with Father Keefe of Catholic Charities of the Diocese of Sioux City. He did not learn from Father Keefe of the existence of any corporation, only that the Home had closed. He obtained from his sister, a nun of a different order, a St. Paul address of the order which had managed the Home at Sioux City. He could find no Sioux City address for the Home but thought a letter sent to Sioux City might be forwarded to a proper place.

Under this state of facts and assuming movant was an existing corporate entity,

it could be considered a person "whose address or whereabouts are unknown" under the language of § 633.40(2), Code, 1971. Under that probate notice section, published notice was ordered within the time and in the manner prescribed by rule 62, R.C.P. In addition, notice by certified mail was given as ordered. The notices published and mailed could be found to substantially comply with rules 60.1 and 62, R.C.P., and to fall within the constitutional standards required by Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

■■ Here trial court was in the position of the trier of facts, and its findings had the effect of a jury verdict. Edgar v. Armored Carrier Corporation, 256 Iowa 700, 128 N.W.2d 922 (1964). We cannot say trial court's determination that jurisdiction of appellant was obtained by notice substantially complying with the court order and our rules of procedure was without support in the evidence. We only interfere where that support is lacking. Svoboda v. Svoboda, 245 Iowa 111, 60 N.W.2d 859 (1953).

II. *Did trial court err in overruling motion to set aside the default and judgment?*

Articles of re-incorporation for "The Home of the Good Shepherd of Sioux City" were in evidence below. The incorporation was under chapter 504, Code, 1950. Principal place of business was specified as Sioux City, Iowa. The general purposes and objects were declared to be to "give care and treatment to delinquent and pre-delinquent girls and women, regardless of race or creed, who are in need of the guidance, training, and correction this institution affords, in order that they may rehabilitate themselves morally and socially, thereby becoming useful members of society." Members of the corporation were to be sisters of the religious order of The Good Shepherd residing in Woodbury County, State of Iowa. A date was specified for the annual meeting to be "held at the Home

of the Good Shepherd in Sioux City, Woodbury County, Iowa."

Appellant introduced a certificate of the Secretary of State as further evidence this corporation was never formally dissolved. It asserts this evidence, if established on retrial, would necessitate a reversal of the determination made in the initial litigation that this beneficiary did not exist.

Trial court denied the motion on the theory such evidence, if considered, would not change the result in the first trial that appellant was for all practical purposes dissolved. As we view the record made on trial of this motion, we do not find it necessary to reach that question.

■■ Here it was appellant's burden to plead and prove good cause which would not only permit but require a finding of mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Hobbs v. Martin Marietta Company, 257 Iowa 124, 131 N.W.2d 772 (1964). A "good cause" is something more than an excuse, a plea, apology, extenuation or some justification, for the resulting effect. Handy v. Handy, 250 Iowa 879, 96 N.W.2d 922 (1959); Svoboda v. Svoboda, 245 Iowa 111, 60 N.W.2d 859 (1953).

Allegations of appellant's motion relating to its failure to appear are indefinite and somewhat ambiguous. Competent evidence is wholly lacking on the issue whether appellant had actual knowledge of the application and hearing prior to appearance date, or having such knowledge, had excuse or reason for failing to appear.

The only witness offered on this issue by appellant was Sister Mary Louis Roth, who moved from Sioux City in 1963 and who had lived for the last three years in St. Paul. She did not purport to be an officer or trustee of appellant at any relevant time, but described herself as a former member of the corporation. She identified the signature on the receipt for certified mail (notice of hearing sent to St. Paul) as that of the receptionist for the provincial

home at St. Paul. Her testimony indicated that was also the residence of Sister Mary Margaret Oster, whom she identified as secretary-treasurer of appellant. It was also the place where the corporate books were kept. The notice was opened by the Provincial Mother, Mary Claude. It was her practice to open such mail and disburse it to the proper party. She read the notice and knew what was in it. It was Mother Claude who later decided to employ counsel and proceed with this action, after Father Keefe reported the result of the trial to her.

This witness furnished further hearsay testimony that the secretary-treasurer of appellant told her she had never received the notice. To the knowledge of this witness, none of the last known officers of the corporation received any notice of the hearing on the declaratory judgment. No testimony or affidavit of anyone alleged to be an officer, trustee or agent of appellant was offered. No reason was advanced why affidavits were not furnished from Mother Claude or Sister Mary Margaret Oster as to their knowledge or lack of knowledge of the notice and hearing, or their reasons, if any, why appellant did not appear.

Similar evidence was submitted by movant in Insurance Co. of No. Amer. v. Sperry & Hutchison Co., 168 N.W.2d 753 (Iowa 1969). In reversing trial court's ruling sustaining the motion to set aside default judgment we observed at page 757 of 168 N.W. 2d:

"* * * nothing in the record supports the ruling but the suppositions of Mr. Martin based on hearsay information in a phone call from one of his superiors in Home's New York office."

In the case before us the evidence offered was not of such probative force and quality as to carry the burden imposed on appellant to prove good cause requiring a finding of mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Trial court was right in overruling appellant's motion although we foundation our

conclusion in this division on different ground. A court decision which is proper on any ground shown by the record will not be disturbed. Barry v. Milbank Mutual Insurance Company, 188 N.W.2d 326 (Iowa 1971); Schnabel v. Vaughn, 258 Iowa 839, 140 N.W.2d 168 (1966).

Affirmed.

All Justices concur, except RAWLINGS, J., who takes no part.