Lois Jean **WALTERS**, Executor of the Estate of Roger Walters, Deceased, and Kendall Walters, Appellees,

v.

Ward E. **WILLIAMS**, Appellant.

No. 55173.

Supreme Court of Iowa.

Jan. 17, 1973.

Fairall & Fairall, Marshalltown, for appellant.

Selby & Updegraff, Newton, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, HARRIS, and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals from default and judgment entered against him in this action for damages based upon his' alleged conversion of plaintiffs' livestock. He claims trial court erred in overruling his motions to set aside the default and to dismiss for failure to prove damages. We affirm on the errors assigned but reverse and remand for correction of judgment.

The petition is in two divisions. In the first, Lois Jean Walters, as executor of the estate of Roger Walters, alleged that on April 10, 1967, her decedent delivered 14 cows, eight calves, and one bull through plaintiff Kendall Walters (as agent) to defendant to be kept and fed by defendant until late fall or early winter pursuant to oral agreement. She alleged Kendall Walters demanded their return on December 20, 1967, but defendant converted them to his own use to the estate's damage of $2470.00 plus interest. Judgment in that amount was prayed. In the second division of the petition Kendall Walters asserted he delivered 28 cows and one bull of his own in the same transaction on the same terms and with the same result, all to his damage of $3890.00 plus interest for which he asked judgment.

Original notice was served on defendant July 23, 1968. At one time or another prior to May 10, 1971, appearances were made for him by three different attorneys or law firms. However, as of that date all counsel had withdrawn, no answer had ever been filed, and plaintiffs moved for default. Their motion was sustained May 27, 1971. On June 17, 1971, defendant filed motion to vacate the default through his present counsel. Hearing was held on that motion June 28, 1971. Trial court reserved ruling and received plaintiffs' evidence on damages. Ruling was then also reserved on defendant's motion to dismiss for alleged insufficiency of proof. In its later decision trial court overruled defendant's motions, made findings of fact, conclusions of law and entered joint judgment

for plaintiffs for $6360.00, interest and costs.

I. *The motion to vacate default.* This motion was filed under rule 236, Rules of Civil Procedure, which permits a trial court to set aside a default or judgment thereon "for good cause shown * * * for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." The rule has been exhaustively analyzed in several cases, and the analysis need not be repeated here. See, e. g., In re Estate of Staab, 192 N.W.2d 804 (Iowa 1971); Hannan v. Bowles Watch Band Co., 180 N.W. 2d 221 (Iowa 1970), and citations.

 Since the proceeding is at law we are bound by trial court findings of fact if supported by substantial evidence. In re Estate of Staab, *supra,* 192 N.W.2d at 807. In this case trial court found, contrary to defendant's assertion, that defendant knew on May 10, 1971, he had no counsel of record and was in default. There was evidence he was personally informed and admonished by the trial judge on that date. He was given seven days to file answer to avoid the default. Despite this, there is no showing defendant did anything to protect his interests between May 10, 1971, and May 27, 1971, when default was actually entered.

There is even stronger reason for finding defendant failed to prove good cause for setting aside the default. He utterly failed to make a *prima facie* showing of a meritorious defense to the action. See Hannan v. Bowles Watch Band Company, *supra,* 180 N.W.2d at 224.

Trial court did not err in overruling the motion to set aside the default.

 II. *The motion to dismiss after plaintiffs' evidence.* In the hearing of June 28, 1971, at which defendant was represented, plaintiffs offered evidence as to their damages. See rule 232(b) R.C.P. We are bound in this case by trial court findings of fact supported by substantial

evidence. Rule 344(f)(1), R.C.P. Trial court found plaintiffs proved their right to recover the damages asked in their petition.

The only evidence received in support of their claims was a partial court reporter's transcript of defendant's testimony in a criminal trial three years before, based upon a charge of embezzlement of the cattle involved in this action. The transcript showed defendant defended the embezzlement charge by claiming the April 10, 1967, cattle transaction was a purchase rather than a bailment. He admitted he owed plaintiffs $6360.00, the total of their claims in this case. Defendant contends this evidence should not have been received, but that with or without it, his motion to dismiss should have been sustained.

Defendant objected to admissibility of the transcript on three principal bases: (1) inadequate foundation because of lack of identification; (2) it violated the "best evidence" rule; and (3) it was hearsay. The transcript was identified by the court reporter who reported the criminal trial as his verbatim transcript of part of defendant's sworn testimony in that case. This was sufficient identification.

 The court reporter testified he had no independent recollection of defendant's testimony but that the partial transcript was prepared shortly after the trial from his shorthand notes of defendant's testimony. He stated he knew then it was an accurate record of what defendant said. The document was admissible as past recollection recorded. Jaeger v. Hackert, 241 Iowa 379, 382–383, 41 N.W.2d 42, 45 (1950); C. McCormick, Evidence, §§ 299–303 at 712–716 (Second Ed. 1972). The best evidence rule is inapplicable because the transcript itself is the memorandum of past recollection upon which the witness relied, rather than his shorthand notes. It was the "best evidence." In any event the shorthand notes were shown to be unavailable. Cf. U. S. Homes v. Yates, 174 N.W. 2d 402 (Iowa 1970).

■ Of course, since the evidence purported to show an admission by defendant, it was not subject to hearsay objection. Barish v. Barish, 190 Iowa 493, 495, 180 N.W. 724, 725 (1920); see also C. McCormick, *supra*, § 262.

■ Trial court did not err in receiving the evidence. Defendant was thereby shown to have admitted he owed plaintiffs the exact total amount of their claims. This constitutes substantial evidence of plaintiffs' damages, and consequently is sufficient to support trial court's finding as to their entitlement to recover the amounts prayed. Accordingly, there is no basis for reversal in either of defendant's assignments of error.

■ III. *The joint judgment.* Trial court entered judgment for plaintiffs jointly although they prayed for judgment severally. It is difficult to see how defendant could be thereby prejudiced, but he has called our attention to this defect in the judgment, and we believe it should be corrected. Relief awarded in a default judgment must conform to the prayer of the petition. Claeys v. Moldenschardt, 169 N. W.2d 885, 886 (Iowa 1969), and citations; Russell v. Shurtleff, 28 Colo. 414, 65 P. 27 (1900); 47 Am.Jur.2d Judgments § 1176.

Therefore, although the case will be affirmed on errors assigned, it must be reversed in part and remanded for entry of judgment severally, in conformity with the prayers of the separate divisions of the petition. The cumulative amount will be the same.

Affirmed in part, reversed in part, and remanded with directions.