**Donald V. SMILEY, Appellee,**

v.

**TWIN CITY BEEF COMPANY, an Iowa Corporation, Appellant.**

No. 2–56988.

Supreme Court of Iowa.

Dec. 17, 1975.

Humphreys & Warner, Cedar Rapids, for appellant.

Robert E. Ford, Cedar Rapids, for appellee.

Submitted to MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

MOORE, Chief Justice.

This appeal questions the appropriateness of a sanction striking defendant's counterclaim and entry of judgment for plaintiff for failure to comply with discovery provisions of the Iowa Rules of Civil Procedure.

Plaintiff, Donald V. Smiley, brought this action to recover delinquent rents under the terms of a written lease after defendant, Twin City Beef Company, had abandoned the leased premises. Defendant counterclaimed alleging breach of the lease terms.

On May 10, 1973, plaintiff-lessor filed eight interrogatories. Under rule 123, R.C.P., defendant had 14 days to either file answers or object to the propriety of plaintiff's interrogatories. Defendant on May 23 filed application for 30-day extension to answer the interrogatories. June 1 defendant was granted until June 11 to answer. Defendant failed to meet this deadline and did not request further extension. June 15 plaintiff filed application for orders striking defendant's pleadings, and for entry of default judgment in favor of plaintiff and against defendant on grounds of defendant's failure and refusal to file answers pursuant to the June 1, 1973 court order. Plaintiff's application was filed under the then existing terms of rules 134(b)(2) and 134(d), R.C.P.

On June 28 defendant did file answers to some of plaintiff's interrogatories. July 2 plaintiff filed an amendment to its application for orders compelling answers to interrogatories asserting that answers to 1, 2, 3 and 6 did not constitute answers "in that the defendant did not file the requested information." In addition, "the defendant has failed and refused to answer Interrogatory No. 7."

Hearing on plaintiff's application and motion was held July 3. The trial court on July 11 entered an order overruling plaintiff's application for entry on default judgment under rule 134 *on condition that* defendant file answers to each interrogatory, including number 7. The court directed each interrogatory be fully and separately answered not later than July 27, 1973.

Defendant did not file further answers as ordered on July 11. On July 30, on application of plaintiff, trial court struck defendant's counterclaim and entered judgment for the amount of plaintiff's claims based on plaintiff's June 15 application and the court's order of July 11.

On August 24 defendant moved to have plaintiff's judgment set aside. It alleged amended answers had been prepared but the wife of its president had mistakenly mailed them to defendant's Kansas City attorney.

After hearing, the trial court on November 20, 1973 filed a well-prepared detailed review of the record and denied defendant's motion to set aside the default judgment in favor of plaintiff. It included the following:

"The Court observes that the docket and the Court file in this case reflect that the only answers to interrogatories filed by the defendant were those filed on June 28, 1973, and the answers implicitly referred to in the various affidavits are not yet on file.

"The Court finds that the facts set forth in the affidavits do not support any mistake, inadvertence, surprise, excusable neglect or unavoidable casualty as required in Rule 236 of the Rules of Civil Procedure or the cases cited thereunder."

Two primary issues are raised by defendant on this appeal, (1) Did trial court abuse its discretion by striking the counterclaim and entering judgment by default as a sanction for failure to file answers to interrogatories in accordance with the court order? and (2) Did trial court err in not finding that failure to file amended answers to

interrogatories was due to mistake, excusable neglect or unavoidable casualty?

I. Defendant argues the July 30 ruling was ex parte and improper. It asserts plaintiff's July 30 application calling the court's attention to defendant's failure to file answers within the deadline set earlier by the court was a new motion which required notice and hearing under an amendment to rule 134 which took effect July 1, 1973.

▮ Plaintiff asserts its July 30 application was used only to bring the fact of defendant's failure to comply with the July 11 order to the attention of the court and that the court could have entered judgment without any action by plaintiff. We agree. It was part of the proceeding initiated by plaintiff on June 15. At the July 3 hearing on plaintiff's motion defendant was represented by counsel. By the court's order in relation thereto defendant was given notice and knew the implications of a continued failure to answer the interrogatories.

▮ II. Plaintiff's June 15 application for sanction was filed under the then existing provisions of rule 134, R.C.P. Subsequent proceedings necessarily were continued under those provisions. It reads in pertinent part:

"134 Refusal to make discovery—consequences.

"(a) *Refusal to answer.* If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, he may apply to the court in which the action is pending or to a court of record in the district where the deposition is taken for an order compelling an answer. * * *. [U]pon the refusal of a party to answer any interrogatory submitted under rule 121, the proponent of the question may on like notice make like application for such an order. * * *.

"(b) *Failure to comply with order.*

"* * * *

"(2) *Other consequences.* If any party * * * refuses to obey an order made under subdivision (a) of this rule requiring him to answer designated questions, * * * the court may make such orders in regard to the refusal as are just, and among others the following:

"An order that the matters regarding which the questions were asked, * * * shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"* * * *

"An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

"* * * *

"(d) *Failure of party to attend or file answers.* If a party * * * fails to file answers to interrogatories submitted under rule 121, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against such party."

We have decided two cases under this rule, *Zimmerman v. Purex Corporation, Ltd.,* 256 Iowa 190, 125 N.W.2d 822 and *Bos Lines, Inc. v. Phillips & Phillips,* Iowa, 226 N.W.2d 819. In each we hold action under rule 134(d) is discretionary with the trial court under the wording of the rule and that failure to answer need not be willful. In *Bos Lines,* filed March 19, 1975, 226 N.W.2d at page 821, we say, "Although less drastic remedies were available, we find no abuse of discretion in the lower court's dismissal of plaintiff's petition."

Our rule 134 is substantially the same as rule 37 of the federal rules. In *Societe*

*Internationale v. Rogers*, 357 U.S. 197, 208, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255, 1265, the Supreme Court discussed the matter of "willfulness," where it said:

" * * *. For purposes of subdivision (b)(2) of Rule 37, we think that a party 'refuses to obey' simply by failing to comply with an order. So construed the Rule allows a court all the flexibility it might need in framing an order appropriate to a particular situation. Whatever its reasons, petitioner did not comply with the production order. Such reasons, and the willfulness or good faith of petitioner, can hardly affect the fact of noncompliance and are relevant only to the path which the District Court might follow in dealing with petitioner's failure to comply."

At page 212, 357 U.S., page 1096, 78 S.Ct., page 1267, 2 L.Ed.2d, the court made this additional statement:

" * * * [W]e think that Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner."

For similar holding see *Flaks v. Koegel*, 2 Cir., 504 F.2d 702 (1974) and *DiGregorio v. First Rediscount Corporation*, 3 Cir., 506 F.2d 781 (1974).

Recently in *Fox v. Studebaker-Worthington, Inc.*, 8 Cir., 516 F.2d 989 (1975) the court affirmed the dismissal of a counterclaim for failure to satisfactorily respond to interrogatories. *Societe Internationale* and subsequent federal cases dealing with sanctions under Rule 37, Fed.R.Civ.P. were analyzed and quoted. Repetition here is unnecessary.

At page 993, 516 F.2d, the court stated:

"The sanctions available to a trial judge under Fed.R.Civ.P. are discretionary and the imposition of such sanctions will not be reversed unless there has been an abuse of discretion. *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1211 (8th Cir. 1973); 4A Moore's Federal Practice ¶ 37.08 at 37–112–13 (2d ed. 1974). Where, however, the drastic sanctions of dismissal or default are imposed, the range of discretion is more narrow and the losing party's non-compliance must be due to wilfulness, fault or bad faith. * * *.'"

The federal court cases are persuasive. We hold the drastic action of dismissal and entry of default judgment should not be ordered in the absence of willfulness, bad faith or fault for refusal to comply with our rule 134. However the record before us clearly indicates defendant from the beginning was determined not to answer plaintiff's interrogatories, acted in bad faith and must be charged with flagrant disregard of the rules of discovery and the trial court's specific order.

Our careful examination of the record satisfies us defendant was at fault and that the trial court did not abuse its discretion in dismissing the counterclaim and entering judgment for plaintiff.

 III. The remaining issue raised by defendant-appellant asserts the trial court erred in not setting aside default under rule 236, R.C.P. It gives the court discretion to set aside defaults improperly granted due to mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. The burden is on the movant to show good cause for relief and relief is appropriate only if one of the grounds stated in rule 236 is proved. *Williamson v. Casey*, Iowa, 220 N.W.2d 638, 639. Only if the trial court has abused its discretion will we reverse the ruling below. Generally, abuse of discretion will be found only where there is a lack of substantial evidence to support the trial court's ruling. *Rath v. Sholty*, Iowa, 199 N.W.2d 333, 336. We view the evidence in its light most favorable to the court's ruling and will uphold the ruling if any proper ground appears in the record, even if the trial court made no

finding of fact or based its ruling on a different ground. *Williamson v. Casey, supra; In re Estate of Staab*, Iowa, 192 N.W.2d 804, 808.

The record before us provides no basis for a finding of abuse of discretion in trial court's refusal to set aside the default judgment under rule 236.

The judgment entered by the trial court is affirmed.

Affirmed.