**M.J. WALSH, Appellant,**

v.

**SCHNEIDER NATIONAL CARRIERS, Employer, and Cigna Insurance Company, Insurance Carrier, Appellees.**

No. 92–958.

Supreme Court of Iowa.

March 24, 1993.

Thomas Mann, Jr. of Mann & Mann Law Office, Des Moines, for appellant.

Charles E. Cutler and Coreen K. Bezdicek of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellees.

Considered by LARSON, P.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The question in the present case is whether the industrial commissioner was

empowered to dismiss a claimant's petition for workers' compensation benefits on the grounds that claimant had failed to comply with numerous agency orders regarding discovery. The claimant argues that the industrial commissioner does not have the inherent power to dismiss a claim or employ sanctions. We disagree, and affirm the judgment of the district court.

The claimant, M.J. Walsh, filed her petition for workers' compensation benefits on January 6, 1989, alleging a work-related injury that occurred in 1988. The employer, Schneider National Carriers and the insurer, CIGNA Insurance Company, subsequently filed their answers. On February 15, 1989, the defendants filed their first request for production of documents and served interrogatories upon Walsh. Walsh filed her response to the request for production on March 21, 1989, but the response was later ruled inadequate, as was the response to defendants' interrogatories. On March 22, 1989, Walsh was served with a second set of requests for production and interrogatories. On May 5, 1989, Walsh's first attorney was allowed to withdraw, and a second attorney entered an appearance. However, on June 22, 1989, the second attorney was allowed to withdraw.

On July 6, 1989, a third attorney filed an appearance on behalf of Walsh. On March 20, 1990, Walsh filed an application to receive additional payments for attending a vocational rehabilitation program. Following a pretrial conference, the request for additional payments was denied. On May 29, 1990, Walsh telephoned the industrial commissioner's office, alleging that she was no longer represented by counsel. On July 31, 1990, Walsh's third counsel was allowed to withdraw.

On August 24, 1990, the defendants filed a motion to compel discovery. On September 6, 1990, the industrial commissioner filed an order granting Walsh twenty days from the date of the order for new counsel to appear and advise the department of Walsh's intention to pursue the prosecution of her claim. Walsh was ordered to supply her current address and telephone number, which she did. Walsh responded by letter, informing the department that she intended to pursue her claim and had been attempting to obtain new counsel.

On October 5, 1990, the industrial commissioner granted the defendants' motion to compel discovery, since Walsh had still failed to provide them with an unrestricted patient's waiver form and other discoverable matter. Walsh was given twenty days to comply and was informed that failure to do so might result in sanctions being imposed pursuant to 343 Iowa Administrative Code 4.36. Walsh subsequently filed a letter amounting to a release of medical information concerning only certain areas, such as left shoulder, neck, back, and collarbone. All other inquiries regarding medical information were denied.

On March 25, 1991, the defendants filed an application for sanctions, asserting that Walsh had not complied with the October 5, 1990, order requiring her to file an unrestricted patient's waiver. On April 1, 1991, Walsh filed a letter indicating that she was now represented by new counsel, who filed an appearance on April 5, 1991. The new attorney also filed a motion for extension of time in which to respond to the motion for sanctions. The deputy industrial commissioner denied the defendants' request for sanctions and again ordered Walsh to comply with the discovery requests within twenty days.

On July 11, 1991, the defendants again filed a motion for sanctions and motion for dismissal, alleging that Walsh had yet again failed to fully comply with the prior discovery orders. Walsh filed a resistance to the motion. On July 31, 1991, the deputy industrial commissioner dismissed Walsh's claim without prejudice as a result of her failure to comply with the numerous discovery orders. The industrial commissioner affirmed the dismissal of Walsh's claim on October 28, 1991.

Walsh subsequently filed a petition for judicial review in district court. Iowa Code § 17A.19 (1991). The department moved for dismissal of the petition. Following a number of delays, not all attributable to Walsh, a hearing was held, and the district court entered its order on May 5, 1992,

affirming the agency action that dismissed Walsh's claim. Walsh filed an Iowa Rule of Civil Procedure 179(b) motion, asking the court to explain exactly the areas of discovery with which she had not complied. The district court denied the motion. Walsh has appealed.

■ Our scope of review is confined to the correction of errors at law made by the industrial commissioner and the district court. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 164 (Iowa 1982). In doing so, we apply the standards of Iowa Code section 17A.19(8) to the agency's action to determine whether this court's conclusions are the same as those of the district court. *Id.* at 165.

■ Walsh argues that the industrial commissioner was without authority to impose sanctions and dismiss her contested case. Pursuant to Iowa Code section 86.-8(1), the industrial commissioner is empowered to adopt and enforce rules necessary to implement Iowa Code chapter 85, concerning workers' compensation; Iowa Code chapter 85A, concerning occupational disease; Iowa Code chapter 85B, concerning occupational hearing loss; and Iowa Code chapter 86, concerning the administration of the Industrial Services division. To that end, Iowa Code section 17A.3(1)(b) provides that each agency is empowered to adopt rules of practice setting forth the nature and requirements of all formal and informal procedures available to the public. In furtherance of these statutory mandates, the industrial commissioner adopted 343 Iowa Administrative Code sections 4.34 and 4.36. Section 4.34 provides that, in any case in which the original notice and petition is on file in excess of two years, the case may be subject to dismissal. Section 4.36 provides that, if any party to a contested case proceeding fails to comply with the rules or any order of the industrial commissioner, the action is subject to dismissal.

■ We believe it is clear from the above authorities that the industrial commissioner has the authority to dismiss a contested case when the party either fails to prosecute the contested case or otherwise fails to comply with an agency order. Given the fact that Walsh missed nearly every deadline the agency set for over two years, and the fact she was given two warnings prior to dismissal, the industrial commissioner was well within its discretion in ordering a dismissal of Walsh's contested case.

We have considered all other issues raised by Walsh and find they have no merit.

**AFFIRMED.**