CITY OF SIOUX CITY, Iowa,
Petitioner–Appellant,

v.

The Iowa Department of Commerce,
Alcoholic Beverages Division,
Respondent,

GME, LTD. d/b/a Maggie's Mini
Mart, Intervenor–Appellee.

No. 97–959.

Supreme Court of Iowa.

Sept. 23, 1998.

James L. Abshier, City Attorney, for petitioner-appellant.

Gene A. Wickey of Law Office of Gene A. Wickey, Sioux City, for intervenor-appellee GME, Ltd.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

The City of Sioux City challenges the authority of the Iowa Department of Commerce, Alcoholic Beverages Division, to promulgate a regulation permitting entry of a default judgment against a party failing to appear at a contested case hearing after receiving proper notice. We conclude the rule is within the agency's statutory authority and is not in violation of a statute imposing a mandatory penalty on violators. We therefore affirm.

## I. Background Facts and Proceedings

Intervenor GME, Ltd., d/b/a/ Maggie's Mini Mart, is a convenience store located in Sioux City. Maggie's holds a retail beer permit issued by the Iowa Department of Commerce, Alcoholic Beverages Division, authorizing the sale of beer for consumption off the premises. On July 22, 1996, the city council of Sioux City passed a resolution suspending Maggie's beer permit for thirty days pursuant to Iowa Code section 123.50(3)(b) (1995). The council suspended the permit based on the convictions of two of Maggie's employees under Iowa Code section 123.49(2)(h) (selling alcoholic beverages to a minor) within a two-year time period. *See* Iowa Code § 123.50(3)(b).

On August 12, 1996, Maggie's appealed the city council's action to the Alcoholic Beverages Division. The case was assigned to an administrative law judge (ALJ) and a hearing was set for September 17, 1996. The division provided both parties with notice of the hearing. The City, however, did not appear at the hearing. The ALJ nevertheless conducted the hearing on that date without the City present. The ALJ heard testi-

mony from Maggie's owner and argument from Maggie's counsel.

On October 17, 1996, the ALJ issued his proposed decision. Relying on an administrative rule permitting the entry of a default judgment against a party failing to appear at a contested case hearing, the ALJ reversed the action of the city council and entered a default judgment against the City. Iowa Admin. Code r. 185—10.12. The City appealed the decision of the ALJ to the hearing board administrator, who issued a final order affirming the ALJ's decision. The City then filed a petition for judicial review with the district court, requesting that it reverse the final order and reinstate the suspension.

The City filed a motion for summary judgment with the district court. In its ruling the court noted that it was treating the summary judgment motion, an improper motion in a judicial review action, as a motion for a ruling on the merits. The district court affirmed the agency's final order. The City appealed.

## II. Scope and Standard of Review

■ In reviewing an agency decision, the district court acts in an appellate capacity. We review the district court's decision to determine whether it correctly applied the law. *Houlihan v. Employment Appeal Bd.,* 545 N.W.2d 863, 865 (Iowa 1996). To make that determination, we apply the standards of Iowa Code section 17A.19(8) to the agency action to ascertain whether our conclusions are the same as those of the district court. *Id.* The City contends that the agency's action: (1) is in violation of Iowa Code section 123.50 which provides for suspension of the beer permit; (2) is in excess of the statutory authority of the agency; (3) is unsupported by substantial evidence in the record made before the agency; and (4) is unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. *See* Iowa Code § 17A.19(8)(a), (b), (f), (g).

## III. Discussion

### A. Summary Judgment Motion

■ We first address an issue raised by the district court in response to the City's motion for summary judgment. The district court concluded that although a summary judgment motion is inappropriate in a chapter 17A proceeding to review a contested case, it could reach the merits based on our holding in *Dillehay v. Iowa Department of Job Service,* 280 N.W.2d 422, 424 (Iowa 1979).

With regard to the applicability of the Iowa Rules of Civil Procedure in chapter 17A judicial review proceedings, rule 331 provides:

> Except to the extent that they are inconsistent with any provision of the Iowa Administrative Procedure Act, Iowa Code chapter 17A, or with the rules specifically set forth in this division, the rules of civil procedure shall be applicable to proceedings for judicial review of agency action brought under that Act.

We have previously held that because of the appellate nature of judicial review of agency action and the limited scope of judicial review of contested case proceedings prescribed by Iowa Code section 17A.19(7), "summary judgment is an inappropriate motion in a chapter 17A proceeding to review a contested case." *Young Plumbing & Heating Co. v. Iowa Natural Resources Council,* 276 N.W.2d 377, 381 (Iowa 1979). Despite this general disapproval of summary judgment motions on judicial review of contested case proceedings, we have allowed such a motion to be considered as a motion for review on the merits when the facts of the case were not in dispute. *Dillehay,* 280 N.W.2d at 424. The district court concluded as follows with regard to the City's motion:

> The issue the Court must resolve is a purely legal one based solely on the agency record—one for which a summary judgment motion was unnecessary. [The City] improperly made a motion so denominated, however, the Court will rule on it as though it were simply a ruling on the merits of the judicial review action.

Because the issues involved in the judicial review action in the case at bar were all legal in nature, we agree that the City's motion for summary judgment was properly treated as

a motion for review on the merits based on our holding in *Dillehay*. Thus, we proceed to a discussion of the merits.

### B. The Merits

The City argues the agency was without authority to enter default judgment in this matter because the thirty-day suspension under Iowa Code section 123.50(3)(b) is mandatory. It contends the administrative rule at issue is in conflict with and negates a clear legislative mandate embodied in a statute. Iowa Administrative Code rule 185—10.12 states:

> **Failure to appear.** If a party to a contested case fails to appear, after proper service of notice, the hearing officer may, if no adjournment is granted, proceed with the hearing and render a decision in the absence of the party. The hearing officer may enter a default judgment against the party failing to appear.

Iowa Code section 123.50(3)(b) provides:

> Upon a second conviction [for a violation of section 123.49(2)(h), selling alcoholic beverage to minor] within a period of two years, the violator's liquor control license, wine permit, or beer permit *shall* be suspended for a period of thirty days.

(Emphasis added.) The City claims that there is no exception to section 123.50 and that it should apply even though the City did not appear at the contested case hearing. We must determine whether the Alcoholic Beverages Division exceeded its statutory authority in promulgating rule 185—10.12 and whether the rule contravenes section 123.50(3)(b).

We have previously set forth the standard to be utilized in determining whether an administrative rule contravenes a statutory provision or exceeds an agency's statutory authority. "An agency rule is presumed valid and the party challenging the rule has the burden to demonstrate that a 'rational agency' could not conclude the rule was within its delegated authority." *Overton v. State*, 493 N.W.2d 857, 859 (Iowa 1992) (citing *Teleconnect Co. v. Iowa State Commerce Comm'n*, 404 N.W.2d 158, 162 (Iowa 1987)).

### 1. Whether Iowa Administrative Code Rule 185—10.12 Is Within the Agency's Statutory Authority

An examination of the powers accorded the administrator of the Alcoholic Beverages Division and the division as a whole reveals those powers are quite broad. Pursuant to Iowa Code section 123.21, the administrator of the Alcoholic Beverages Division, "with the approval of the commission and subject to chapter 17A, may adopt rules as necessary to carry out [the] chapter." Similarly, Iowa Code section 17A.3(1)(b) provides that each agency is empowered to "[a]dopt rules of practice setting forth the nature and requirements of all formal and informal procedures available to the public."

We also note from the general provisions of our administrative procedure act that chapter 17A is intended to provide only a "minimum procedural code" and that "[n]othing in [the] chapter is meant to discourage agencies from adopting procedures providing greater protections to the public or conferring additional rights upon the public." Iowa Code § 17A.1(2). Rule 185—10.12 provides greater protection to the public because it requires the prosecuting authority to appear to prove its case before the ALJ or face the consequences of a potential default judgment. Therefore, despite the fact that chapter 17A does not provide for entry of default judgments when a party does not appear, the rule promulgated by the Alcoholic Beverages Division merely builds upon the "minimum procedural code" provided by chapter 17A and is a rule of practice designed to implement the directives of chapter 17A within the agency.

The district court concluded that rule 185—10.12 was adopted in furtherance of the statutory authority granted by chapter 17A. We concur with its determination that a "rational agency" could conclude that the promulgation of rule 185—10.12 was within its power. The City has failed to sustain its burden of proving the agency acted irrationally in promulgating rule 185—10.12. The district court aptly set forth the reasons for its conclusion that the rule was within the agency's power:

> The default judgment rule of 185 IAC § 10.12 is a necessary and rational method

of enforcing and administering the legislative mandate concerning alcoholic beverage control. The licensing body charged with suspending those licenses upon certain violations must be forced to show up at hearing and prove its case. Without such a rule a full hearing of the issues may not be had nor may full proof of the charges be aired.

We draw support for our holding from one of our prior cases involving a similar dispute over an agency's authority to promulgate a particular procedural rule. In *Walsh v. Schneider National Carriers*, 497 N.W.2d 895 (Iowa 1993), we considered the issue of whether the industrial commissioner was empowered to dismiss a claimant's petition for workers' compensation benefits on the ground that the claimant failed to comply with numerous agency orders regarding discovery. The industrial commissioner dismissed the claim under two administrative rules which provided: (1) in any case in which the original notice and petition was on file for more than two years, the case was subject to dismissal; and (2) that if any party to a contested case proceeding failed to comply with the rules or any order of the commissioner, the claim was subject to dismissal. *Walsh*, 497 N.W.2d at 897 (citing Iowa Admin. Code rs. 343—4.34, .36).

We concluded that the industrial commissioner had the authority to dismiss the claim pursuant to Iowa Code section 17A.3(1)(b), which provides that each agency is empowered to adopt rules of practice, and section 86.8(1), authorizing the industrial commissioner to adopt and enforce rules necessary to implement Iowa Code chapters on workers' compensation. *Id.* While the rule at issue in *Walsh* is not identical to the rule in the case at bar, both rules establish agency procedure not specifically outlined by chapter 17A. Therefore, we consider *Walsh* helpful in bolstering our conclusion that rule 185—10.12 is not in excess of the agency's statutory authority.

2. Whether Iowa Administrative Code Rule 185—10.12 Is in Violation of Iowa Code Section 123.50(3)(b)

■ The City also contends that rule 185—10.12 is in violation of Iowa Code section 123.50(3)(b) because the penalty prescribed by the code section is mandatory in nature. The City's contention that the penalty provided by section 123.50(3)(b) must be imposed regardless of whether it appeared at the contested case hearing to prove its case is illogical. Many of our criminal and civil penalty statutes impose what are termed "mandatory" penalties. However, the fact that the statutes imposing these penalties are phrased in mandatory terms does not relieve the prosecuting authority from its burden of proving the elements of the violation before the punishment can be imposed. The district court also addressed this argument, stating as follows:

> No incompatibility is apparent to the Court between the license suspension statute and a rule that allows the agency to grant defaults to non-appearing parties. No conflict is created by a rule that merely penalizes a party for failing to attend a hearing and prove one's case.

We agree with the conclusion of the district court that rule 185—10.12 is not in violation of Iowa Code section 123.50(3)(b).

3. Other Arguments

■ We also conclude that the agency's decision to enter a default judgment was supported by substantial evidence and is not unreasonable, arbitrary, or capricious or characterized by an abuse of discretion. The agency's action was in response to the City's absence at a contested case hearing, which it was to have attended to prove its case for the suspension of Maggie's beer permit. Its failure to appear frustrated the purpose of the hearing and resulted in a waste of agency time and resources. The agency acted reasonably in entering the default judgment.

IV. Summary

We conclude the district court correctly applied the law in reaching its conclusion. Rule 185—10.12 does not violate Iowa Code section 123.50(3)(b) and is not in excess of the agency's statutory authority. Rule 185—10.12 is a procedural rule designed to assure smooth operation of the agency and provide

greater procedural protections to litigants. Furthermore, the agency action was supported by substantial evidence and not arbitrary or capricious. The district court correctly upheld the agency action and the entry of default judgment against the City is affirmed.

**AFFIRMED.**