ALUMINUM COMPANY OF
AMERICA, Appellee,

v.

Joseph J. MUSAL, Appellant.

No. 99–0326.

Supreme Court of Iowa.

Feb. 14, 2001.

Michael W. Liebbe of Law Office of M.W. Liebbe, Davenport, for appellant.

Thomas N. Kamp and Gregory C. Guiney of Lane & Waterman, Davenport, for appellee.

CADY, Justice.

In this appeal we review a ruling by the district court which vacated a decision by the Iowa Industrial Commissioner in an appeal and cross-appeal from an arbitration decision by a deputy industrial commissioner in a workers' compensation proceeding. The district court determined the industrial commissioner was not authorized to review the decision by the deputy after the parties failed to file briefs following the filing of their notices of appeal and cross-appeal from the decision of the deputy, and reinstated the deputy's decision. On our review, we find the district court correctly held the commissioner was not authorized to review the decision of the deputy without providing notice and an opportunity to file briefs, but granted improper relief by reinstating the deputy's arbitration decision.

## I. Background Facts and Proceedings.

Joseph Musal fractured his right clavicle on February 26, 1994, while employed at Aluminum Company of America (ALCOA). Musal's injury occurred in the course of his employment.

Two doctors evaluated Musal to calculate his permanent impairment rating. One doctor found four percent impairment, while the other found two percent impairment. An arbitration hearing was eventually held before a deputy commissioner to resolve the disability benefits claim.[1] The deputy found Musal suffered a two percent industrial disability from the 1994 injury, and ordered ALCOA to pay permanent partial disability benefits for a prescribed period.

Musal filed a notice of appeal with the industrial commissioner, as well as a certificate ordering a copy of the transcript of the hearing before the deputy. ALCOA filed a notice of cross-appeal. However, no additional filings were made by either party. In particular, Musal failed to file a brief containing a statement of the issues appealed and ALCOA failed to file a brief in support of its cross-appeal.

After the appeal sat dormant for more than a year, the industrial commissioner filed an appeal decision modifying the deputy's finding of industrial disability from two to four percent. The commissioner acknowledged the inactivity in the case, and indicated it was being "considered generally and without regard to particular issues."

ALCOA filed a petition for judicial review. It claimed the commissioner did not have the power to review the decision because Musal failed to file a brief setting forth the issues to be decided on appeal. The district court reversed and vacated the decision of the industrial commissioner, and reinstated the deputy's arbitration decision.

---

1. The arbitration hearing before the deputy commissioner was a review-reopening hearing. In addition to seeking an award of disability benefits for the 1994 injury, Musal was attempting to review a prior settlement between him and ALCOA for a 1990 injury.

The deputy commissioner rejected Musal's contention that he was entitled to additional disability benefits due to a change in his condition not contemplated by the parties at the time of settlement. That portion of the arbitration decision is not at issue in this appeal.

Musal appeals. He claims the procedural rules governing appeals to the industrial commissioner from a decision by a deputy commissioner do not require, but only permit, briefs to be filed. Consequently, he claims a notice of appeal authorizes the commissioner to generally review a deputy's decision if briefs are not filed. ALCOA contends both the Iowa administrative rules and principles of due process require the issues in an appeal to be identified before the industrial commissioner is authorized to enter a decision.

## II. Scope of Review.

■ Our review of decisions of the industrial commissioner is governed by Iowa Code chapter 17A. *Squealer Feeds v. Pickering,* 530 N.W.2d 678, 681 (Iowa 1995); *Mortimer v. Fruehauf Corp.,* 502 N.W.2d 12, 14 (Iowa 1993). We limit our review "to the correction of errors at law made by the industrial commissioner and the district court." *Walsh v. Schneider Nat'l Carriers,* 497 N.W.2d 895, 897 (Iowa 1993).

## III. Failure of the Parties to File Briefs.

■ The Iowa Administrative Code identifies two methods for a decision by a deputy industrial commissioner to be reviewed by the industrial commissioner. The first method is through an appeal filed by a party following the deputy's decision. *See* Iowa Admin.Code r. 876—4.27 (1998). The second method permits the commissioner to review a decision sua sponte. *Id.* r. 876—4.29. Under both methods, the notice of appeal by a party or the motion to review by the commissioner must be filed within twenty days following the deputy's decision. *Id.* r. 876—4.27, r. 876—4.29. Under each method of review, the rules clearly contemplate that the issue or issues for review will be identified. When review is sought by a party filing a notice of appeal, the rules provide for the issues to be identified in the briefs filed by the parties. *See id.* r. 876—4.28(1) (requiring appellant and appellee to serve their briefs within specific periods of time); *id.* r. 876—4.28(4)(b) (requiring briefs to include a statement of the issues on appeal). Similarly, when review is on motion by the commissioner, the commissioner is required to identify the issues to be reviewed in a notice mailed to each of the parties. *Id.* r. 876—4.29. These rules reflect the general statutory principles governing review of proposed decisions of an agency. *See* Iowa Code § 17A.15(3) (1999) (commissioner permitted to limit issues to be reviewed by notice or rule).

In this case, both parties failed to adhere to the procedural scheme following the filing of a notice of appeal. Consequently, the question turns to the course of action available to the commissioner to dispose of the appeal.

The rules specifically provide that the commissioner may impose sanctions for the failure of a party to comply with the rules, including dismissal of the action. *See* Iowa Admin. Code r. 876—4.36 (2000); *Walsh,* 497 N.W.2d at 897. On the other hand, there is no rule specifically authorizing the commissioner to proceed to decide an appeal without briefs. Moreover, the discretion given to the commissioner under rule 876—4.29 to review decisions sua sponte is predicated upon timely notice given by the commissioner following the deputy's decision. Clearly, the rules do not address the procedural backdrop of this case.

Nevertheless, section 17A.15(3) provides that an "agency has all the power which it would have in initially making the final decision" in an appeal from or review of a proposed decision. Iowa Code § 17A.15(3). Thus, we do not believe the failure of the parties to file briefs and define the issues on appeal precludes the commissioner from proceeding to review the appeal. Nor do we believe that the lack of a procedural rule to govern a specific procedure limits the exercise of authority granted by statute. Once a case comes before the commissioner by notice of appeal or sua sponte review, the com-

missioner is empowered to make the final decision. *Id.* Thus, we conclude the commissioner was authorized in this case to enter a decision even though the parties did not file briefs or identify issues for review. The fighting question turns to the procedural requirements the commissioner may be required to follow under such circumstances.

Although section 17A.15(3) gives agencies broad power to decide proposed decisions within the agency, it also provides that parties must be given an opportunity "to file exceptions, present briefs and, with the consent of the agency, present oral arguments," whether the case is on appeal or review. *Id.* In this case, the parties may have abandoned their opportunity to present briefs by failing to comply with the rules following the notice of appeal. However, once the appeal was transformed into a review by the commissioner, the procedural opportunities which attend a review must be observed. If the statute and accompanying procedural rules mandate certain procedural requirements under both types of review, the decision by the parties to abandon one type of review would not constitute an abandonment of the procedural opportunities under the other type of review. Section 17A.15(3) requires these procedural opportunities under both types of review.

 This approach is not only compatible with section 17A.15(3) and the accompanying procedural rules, but it is also consistent with the notion of due process. We have previously held that parties to administrative agency proceedings are entitled to due process of law. *See, e.g., Alfredo v. Iowa Racing & Gaming Comm'n,* 555 N.W.2d 827, 833 (Iowa 1996); *Wedergren v. Bd. of Dirs.,* 307 N.W.2d 12, 16 (Iowa 1981); *Carr v. Iowa Employment Sec. Comm'n,* 256 N.W.2d 211, 214–15 (Iowa 1977); *Cedar Rapids Human Rights Comm'n v. Cedar Rapids Cmty. Sch. Dist.,* 222 N.W.2d 391, 401 (Iowa 1974). The two fundamental principles of due process are (1) notice and (2) the opportunity to de-

fend. *Carr,* 256 N.W.2d at 214; *Cedar Rapids Human Rights Comm'n,* 222 N.W.2d at 401. Mere notice of the commencement of the action is insufficient. To comply with the notice requirement of due process, the appealing party must present the issues to be addressed to provide the opposing party an opportunity to adequately defend. *Wedergren,* 307 N.W.2d at 16; *see Cedar Rapids Human Rights Comm'n,* 222 N.W.2d at 402 (agencies must adopt a process that "affords the parties a fair opportunity to be apprised of what they are to meet"). In determining whether an agency proceeding comported with due process, our benchmark is fundamental fairness. *Wedergren,* 307 N.W.2d at 16.

In this case, ALCOA was never afforded an opportunity to know what issues would be decided on appeal. Musal failed to provide notice to ALCOA by filing a brief, and the commissioner failed to provide notice prior to filing its decision. Notice could only come from Musal or the commissioner. Neither source provided such notice. Moreover, the lack of notice to ALCOA was unaffected by its own failure to pursue its cross-appeal. It could abandon its cross-appeal without abandoning its right to notice of the contested issues by Musal or the commissioner.

 The procedural requirements of notice and opportunity to defend are also consistent with the traditional principles of appellate procedure. It is a well-established rule of appellate procedure that "[t]he scope of appellate review is defined by the issues raised by the parties' briefs." *In re Dull's Estate,* 303 N.W.2d 402, 407 (Iowa 1981); *see Penn Mut. Life Ins. Co. v. Doyen,* 211 Iowa 426, 428–29, 233 N.W. 790, 791 (1930) (refusing to consider appeal when "no list of errors relied upon for reversal, [and] no brief points of law" were filed); *Gouge v. McNamara,* 586 N.W.2d 710, 713 (Iowa Ct.App.1998). Issues not raised in the appellate briefs cannot be considered by the reviewing court. *See Hubby v. State,* 331 N.W.2d 690, 694 (Iowa

1983) (issues not stated in an appellate brief are deemed to be waived or abandoned); *Dull's Estate,* 303 N.W.2d at 407 (same). Thus, if the parties fail to raise any issues by not filing any briefs, the reviewing court has nothing to consider.

We conclude the district court was correct in ruling the commissioner must provide a statement of the issues subject to review when the commissioner reviews the deputy's decision on its own motion or on appeal once the parties fail to submit briefs. The commissioner's statement must also provide the parties an opportunity to submit briefs. However, the district court was incorrect in reinstating the deputy's decision. The district court should have remanded the case to the industrial commissioner, and given the industrial commissioner the option of imposing sanctions or notifying the parties of the review to be taken. This case should therefore be remanded for further proceedings in accordance with this opinion.

## IV. Conclusion.

We conclude the district court correctly held the industrial commissioner did not have the power to review the deputy commissioner's arbitration decision without providing a statement of the issues and an opportunity to submit briefs. However, the district court should have remanded the case to the industrial commissioner to exercise its power of review consistent with the due process principles of notice and an opportunity to be heard.

**DECISION OF THE DISTRICT COURT REVERSED AND CASE REMANDED TO THE INDUSTRIAL COMMISSIONER FOR FURTHER PROCEEDINGS.**