Brett MAROVEC, Appellant,

v.

PMX INDUSTRIES, Employer, and
Martin Boyer Company, Insurance
Carrier, Appellees.

No. 03–1325.

Supreme Court of Iowa.

March 18, 2005.

Pete Leehey of Pete Leehey Law Firm,
P.C., Cedar Rapids, for appellant.

John M. Bickel and Robert K. Porter of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellees.

LAVORATO, Chief Justice.

The workers' compensation commissioner dismissed the appeal of Brett Marovec, claimant, because he failed to file an appeal brief in his intra-agency appeal as required by the commissioner's rules. He petitioned the district court for judicial review and that court affirmed. Marovec then appealed to this court, and we transferred the case to the court of appeals, which affirmed the district court's decision. We granted Marovec's application for further review. We conclude, as did the district court and the court of appeals, that the commissioner did not abuse her discretion in dismissing Marovec's appeal. We therefore affirm the decision of the court of appeals and the judgment of the district court.

## I. Background Facts and Proceedings.

On February 10, 1999, Marovec sustained an injury while working for PMX Industries. Later, he sought workers' compensation benefits. On March 13, 2001, following a hearing, a deputy workers' compensation commissioner determined in an arbitration decision that Marovec had failed to establish any permanent disability as a result of the February 10, 1999 injury. The deputy therefore did not award Marovec any permanent partial disability benefits. The deputy also rejected Marovec's claim for healing period benefits, temporary total disability benefits, and reimbursement of medical expenses.

On March 29 Marovec filed with the Iowa Workers' Compensation Commissioner notice of appeal and affidavit of ordering transcript. On April 5 Marovec filed notice of filing transcript.

On June 4 Iris J. Post, Iowa Workers' Compensation Commissioner, filed an order to show cause why Marovec's appeal should not be dismissed because he had failed to file a brief as required by Iowa Administrative Code rule 876—4.28 (2001). The brief should have been filed by May 18. Iowa Admin. Code r. 876—4.28(1). The commissioner stated that Marovec "shall have until twenty days from the filing of this order to file evidence, briefs, and exceptions *on the issue to be decided as stated above.*" (Emphasis added.) The show cause order stated the issue as follows: "Claimant, Brett Marovec, is ordered to show cause why his appeal should not be dismissed pursuant to rule 876 IAC 4.36 for failure to file a brief as required by rule 876 IAC 4.28."

On June 13 Marovec filed his reply to the show cause order. In the reply, Marovec recited the dates of filings made and noted the show cause order. His sole response to the show cause order was this: "Claimant's brief was not filed due to an oversight." Marovec also stated the following: "The Order states that Claimant 'shall have until twenty days from the filing of this order' to file his brief. Claimant's brief will be filed by the deadline set in the Order to Show Cause." So, apparently, Marovec interpreted the show cause order as setting a new deadline for filing briefs on the substantive issues.

Marovec filed an appeal brief on June 21 on the substantive issues. The brief made no reference to the show cause order.

On June 27 the employer filed a motion for additional time to file a brief in response to Marovec's appeal brief. On July 10 the employer filed its appeal brief, addressing the substantive issues. The employer's appeal brief made no mention of the show cause order. Marovec filed a

reply brief addressing only the substantive issues.

On July 31 the commissioner filed her ruling on the show cause order. She determined there was no reason to review the deputy's decision sua sponte. Her ruling continued:

The show cause order filed June 4, 2001, ordered claimant to show cause why the appeal should not be dismissed for failure to file a brief as required by rule 876 IAC 4.28. Claimant filed a brief on the merits of the appeal arguing that the deputy's arbitration decision be reversed and remanded. Claimant submitted no arguments nor brief why the appeal should not be dismissed for failure to file a timely brief. *Claimant gave no cause or reason why its appeal should not be dismissed.* Defendants filed a brief on July 10, 2001, but the issue discussed in the brief was whether the deputy erred in making a determination of a disability award. Defendant, like claimant, gave no cause or reason why claimant's appeal should not be dismissed.

Claimant has failed to show cause why his appeal should not be dismissed. Claimant has failed to file a brief within the time required by rule 876 IAC 4.28. Claimant has failed to comply with rule 876 IAC 4.28. Claimant's notice of appeal should be dismissed.

(Emphasis added.)

On August 6 Marovec filed a petition for judicial review, claiming, among other things, that the show cause ruling was unreasonable, arbitrary, capricious, and characterized by an abuse of discretion. PMX Industries filed an answer denying the allegation.

On August 4, 2003, nearly two years after the petition for judicial review was filed, the district court ruled. The court noted that the file did not reach it until shortly before this date and that it ruled as soon as possible after receiving the file.

The district court denied the petition, ruling that the commissioner had acted reasonably in dismissing Marovec's appeal for failing to file a timely brief. Contrary to Marovec's interpretation, the district court interpreted the show cause order as providing Marovec an opportunity to show why he did not file a timely brief. And because, as the show cause ruling indicated, Marovec did not provide an adequate reason for his failure to file a timely brief, the court ruled the commissioner was well within her discretion to dismiss the appeal.

Marovec appealed, and we transferred the case to the court of appeals. The court of appeals affirmed, stating:

The commissioner gave claimant an opportunity to respond to the order to show cause, including filing evidence, briefs, and exceptions to the order. Claimant's only response [for his] failure to timely file a brief was [that his failure was due to] "an oversight." The commissioner found this response inadequate and imposed sanctions. The district court correctly evaluated the commissioner's exercise of discretion and affirmed. We cannot say the commissioner's decision meets the definition of "unreasonable, arbitrary, capricious, or an abuse of discretion." Iowa Code § 17A.19(10)(*n* ).

We granted Marovec's application for further review.

## II. Issue.

The sole issue is whether the commissioner abused her discretion when she dismissed Marovec's intra-agency appeal because he did not file an appeal brief by the deadline imposed by Iowa Administrative Code rule 876—4.28.

### III. Scope of Review.

■ Iowa Code chapter 17A governs judicial review of a decision or order of the workers' compensation commissioner. Iowa Code § 86.26 (2001). When the district court exercises its judicial review power, it acts in an appellate capacity. *Mycogen Seeds v. Sands*, 686 N.W.2d 457, 463 (Iowa 2004). In reviewing the district court's decision, we apply chapter 17A standards to determine whether the conclusions we reach are the same as those of the district court. *Id.* at 464. "If they are the same, we affirm; otherwise we reverse." *Id.*

■ In this case, the issue involves whether the commissioner abused her discretion. Abuse of discretion is encompassed in one of the grounds chapter 17A recognizes as a basis for reversing agency action:

> 10. The court may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant other appropriate relief from agency action . . . if it determines that substantial rights of the person seeking judicial relief have been prejudiced because the agency action is any of the following:
>
> . . . .
>
> *n.* Otherwise unreasonable, arbitrary, capricious, or an abuse of discretion.

Iowa Code § 17A.19(10)(*n* ). " 'Discretion is abused when it is exercised on grounds clearly untenable or to an extent clearly unreasonable.' " *Martin Marietta Materials, Inc. v. Dallas County*, 675 N.W.2d 544, 553 (Iowa 2004) (citation omitted). An abuse of discretion also means the decision lacked rationality and was made clearly against reason and evidence. *Dico, Inc. v. Iowa Employment Appeal Bd.*, 576 N.W.2d 352, 355 (Iowa 1998).

In making the determination whether the agency's action is unreasonable, arbitrary, capricious, or an abuse of discretion, the court "[s]hall give appropriate deference to the view of the agency with respect to particular matters that have been vested by a provision of law in the discretion of the agency." Iowa Code § 17A.19(11)(*c* ). In this instance, we think we must give appropriate deference to the commissioner's decision because by law the commissioner is required to adopt and enforce rules and procedures necessary to implement Iowa Code chapter 86. *See id.* § 86.8; *see also id.* § 17A.3(1)(*b* ) ("[E]ach agency shall . . . [a]dopt rules of practice setting forth the nature and requirements of all formal and informal procedures available to the public, including a description of all forms and instructions that are to be used by the public in dealing with the agency."). In reaching its decision, the commissioner relied on several of those rules, which we will mention shortly. More specifically, with respect to intra-agency appeals, Iowa Code section 86.24 provides that "[a]ny party aggrieved by a decision, order, ruling, finding or other act of a deputy commissioner in a contested case proceeding arising under [chapter 86] or chapter 85 or 85A may appeal to the workers' compensation commissioner in the time and manner provided by *rule.*" *Id.* § 86.24(1) (emphasis added).

Finally, in our review, we must keep two principles in mind. First, subject to certain exceptions not relevant here, the party challenging the agency action has the burden of proving the illegality of the agency action and the prejudice required. *Id.* § 17A.19(8)(*a* ). Second, the standards specified in chapter 17A are to be applied to the challenged agency action as of the time the action was taken. *Id.* § 17A.19(8)(*b* ).

## IV. Analysis.

An appeal of a contested workers' compensation case must be commenced within twenty days of the decision, order, or ruling by filing a notice of appeal. Iowa Admin. Code r. 876—4.27 para. 1. Marovec's proceeding before the workers' compensation commissioner is a contested workers' compensation case. *See* Iowa Code § 86.14. As mentioned, by statute, the commissioner's rules govern the time and manner of Marovec's intra-agency appeal. *See id.* § 86.24(1). The statute also requires an appealing party to provide a transcript of a contested case proceeding at the party's cost and requires the appealing party or the party's attorney to file an affidavit with the commissioner within ten days after the appeal is filed stating that the transcript has been ordered. *Id.* § 86.24(4).

There are several administrative rules governing the time and manner of the appeal. One rule requires the appeal to be commenced within twenty days of the filing of the decision, order, or ruling by filing a notice of appeal with the commissioner. Iowa Admin. Code r. 876—4.27 para. 1. Another requires the appealing party to serve its brief within fifty days after the date on which notice of appeal was filed, or within twenty days after the transcript is filed, whichever date is later. *Id.* r. 876—4.28(1). The appellee must serve its brief within twenty days after service of appellant's brief. *Id.* The appellant must serve its reply brief, if any, within ten days after service of appellee's brief. *Id.* The same rule requires that any briefs required or allowed by the rule shall be filed promptly following service. *Id.* r. 876—4.28 para. 1. Briefs shall include a statement of issues. *Id.* r. 876—4.28(4)(*b*). The appeal must be decided on the issues presented by the appellant and

appellee except as provided in rule 876—4.29. *Id.* r. 876—4.28(4)(*d*).

Besides this method of appeal, the commissioner on its own motion may review a deputy's decision. *Id.* r. 876—4.29; *see also Aluminum Co. of Am. v. Musal*, 622 N.W.2d 476, 478 (Iowa 2001). The commissioner must file such motion within twenty days of the deputy's decision. *Id.* In a notice mailed (1) to the parties by certified mail, return receipt requested and (2) on the date the motion is filed, the commissioner must specify the issues to be reviewed and the additional evidence, if any, to be obtained by the parties. Iowa Admin. Code r. 876—4.29; *see also* Iowa Code § 17A.15(3) ("On appeal from or review of the proposed decision, the agency has all the power which it would have in initially making the final decision except as it may limit the issues on notice to the parties or by rule.").

The rules further provide what may happen if the parties do not conform to these rules:

> If any party to a contested case or an attorney representing such party shall fail to comply with these rules or any order of a deputy commissioner or the workers' compensation commissioner, the deputy commissioner or workers' compensation commissioner may dismiss the action.

Iowa Admin. Code r. 876—4.36.

In *Walsh v. Schneider National Carriers*, a deputy commissioner dismissed a claimant's contested case without prejudice because of her failure to comply with numerous discovery orders. 497 N.W.2d 895, 896 (Iowa 1993). The commissioner affirmed the deputy's decision. *Id.* The claimant petitioned for judicial review, contending that the commissioner had no authority to impose sanctions and dismiss her contested case. *Id.* at 896–97. The

district court affirmed, and the claimant appealed. *Id.*

Relying on Iowa Code sections 86.8(1) and 17A.3(1)(*b*) and administrative code rules 4.34 (providing that any case on file in excess of two years may be subject to dismissal) and 4.36, we concluded that the commissioner indeed had the authority to dismiss a contested case proceeding when the claimant fails to comply with an agency order or fails to prosecute the case. *Id.* at 897. Because the claimant missed nearly every deadline the agency had set for over two years and because she was given two warnings before the dismissal, we held the commissioner was well within its discretion in ordering dismissal of the claimant's contested case. *Id.*

In *Aluminum Co. of America v. Musal,* the claimant failed to file a brief in support of his appeal, and the employer failed to file a brief in support of its cross-appeal. 622 N.W.2d at 477. After the case sat idle for more than a year, the commissioner filed an appeal decision increasing the claimant's disability rating. *Id.* The employer petitioned for judicial review, claiming the commissioner had no power to review the deputy's decision because the claimant had failed to file a brief identifying the issues to be decided on appeal. *Id.* The district court reversed, vacated the commissioner's decision, and reinstated the deputy's decision. *Id.* The claimant appealed, contending that because the procedural rules governing appeals to the commissioner do not require, but only permit, briefs to be filed, the notice of appeal authorizes the commissioner to generally review a deputy's decision if briefs are not filed. *Id.* at 478. The employer contended that both the Iowa administrative rules and due process require the issues in an appeal to be identified before the commissioner is authorized to enter a decision. *Id.*

Viewing the methods by which an appeal can be considered by the commissioner, we concluded that whether the parties filed an appeal or the commissioner considered the case on its own motion, "the rules clearly contemplate that the issue or issues for review will be identified." *Id.* We also recognized the commissioner's authority to impose sanctions, including dismissal, for failure to comply with the rules. *Id.*

Relying on Iowa Code section 17A.15(3), we reasoned:

> Once a case comes before the commissioner by notice of appeal or sua sponte review, the commissioner is empowered to make the final decision. Thus, we conclude the commissioner was authorized in this case to enter a decision even though the parties did not file briefs or identify issues for review.

*Id.* at 478–79 (citation omitted).

However, because this was a review by the commissioner on its own motion, we held—consistent with due process and statutory procedures—that the same rules which apply to cases coming before the commissioner by notice of appeal apply to the commissioner's sua sponte review. *Id.* at 479. Consequently, the commissioner had to give notice of the issues it would consider and allow the parties to file briefs. *Id.* at 480. We concluded that the district court should have remanded the case to the commissioner, and given the commissioner the option of imposing *sanctions* or notifying the parties of the review to be taken. *Id.* Of course, one of the sanctions the commissioner could impose on remand was dismissal of the appeal for failure to file a brief. *Id.* at 478; *see* Iowa Admin. Code r. 876—4.36.

■ Here, the commissioner ordered Marovec to show good cause why his appeal should not be dismissed for failing to file a brief as required by the rules. Ma-

rovec's only response was that his failure to file a brief was "due to an oversight."

■ We have defined "good cause" in the context of setting aside a default judgment:

> A "good cause" ... is a sound, effective and truthful reason. "It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." It is then clear that the facts of each case govern the determination of whether the trial court's action was proper.

*Handy v. Handy*, 250 Iowa 879, 883, 96 N.W.2d 922, 925 (1959) (citation omitted).

Marovec's response appears truthful, but it is not anything more than an excuse. We have held that oversight is insufficient cause for failing to follow court rules. *See Peoples Natural Gas Co. v. City of Hartley*, 497 N.W.2d 874, 875–76 (Iowa 1993) (district court did not abuse its discretion denying party's motion for jury trial when party's failure to file timely jury demand was due to inadvertence and oversight); *Schloemer v. Uhlenhopp*, 237 Iowa 279, 284–85, 21 N.W.2d 457, 459 (1946) ("It appears affirmatively that appellant's attorney was familiar with the Rule [concerning jury demands]. Appellant must be held responsible for his attorney's knowledge of the Rule and for the inadvertence that resulted in failure to observe it. We cannot say there was an abuse of discretion in denying his motion for jury trial. To hold otherwise would be a virtual annulment of the Rule.").

According to statute, administrative rules, and case law, the commissioner certainly had discretion to dismiss the appeal. Imposing a sanction permitted by agency rule is not clearly irrational or unreasonable when, as here, the reason for the sanction is obvious: Marovec—*without good cause*—failed to file an appeal brief in a timely manner. Moreover, we must keep in mind that we are required to give deference to the commissioner's decision to dismiss the appeal. Iowa Code § 17A.19(11)(*c*); *see also Cowitz v. Alaska Workers' Comp. Bd.*, 721 P.2d 635, 637–38 (Alaska 1986) (affirmed court's order dismissing an administrative appeal for lack of diligent prosecution; appellant had responsibility to file brief and had no valid reason for not doing so; court rule allowed dismissal on its own motion even when notice of default had not been given); *Kuvaja v. Bethel Sav. Bank*, 495 A.2d 804, 806–07 (Me.1985) (claimant filed motion to dismiss employer's appeal for want of prosecution based on rule allowing dismissal for want of prosecution; applying a fundamental fairness analysis, court concluded agency acted within its discretion in dismissing employer's appeal when employer had "abundant" time to prepare brief, had actual notice of brief's due date, and did not file a brief until it was made aware of its default by the claimant's motion to dismiss); *McElreath v. Wyoming*, 901 P.2d 1103, 1104, 1106 (Wyo.1995) (district court's dismissal of appeal for filing a notice of appeal rather than a petition for review was a harsh but permissible sanction, given that another rule provided for dismissal for the failure to comply with appellate rules).

At first blush, the decision to dismiss the appeal may seem harsh in light of the circumstances: dismissal was not *required* by agency rules, and the commissioner had received briefs from both parties on the substantive issues by the time she ruled on the order to show cause. However, several factors mitigate any such apparent harshness.

First, the commissioner gave Marovec the opportunity to provide a good reason for his failure to file a brief. We must assume that had he done so, the commis-

sioner would not have dismissed the appeal. But as mentioned, the only reason Marovec could provide was his counsel's inadvertence, which was not good enough.

Second, we must keep in mind that we are dealing with an agency and *not* the district court. The difference becomes apparent when one contrasts, for example, the district court's authority to dismiss an action for failure to comply with a discovery order with the commissioner's authority to dismiss an appeal for failure to comply with the commissioner's rules. Administrative rule 876—4.35 recognizes this difference. It states that our rules of civil procedure which apply to the district court do not apply to contested cases before the commissioner when such rules are "in conflict with [the commissioner's] rules" or "obviously inapplicable to the . . . commissioner." Iowa Admin. Code r. 876—4.35. In such instances, the commissioner's "rules or the appropriate Iowa Code section shall govern." *Id.* As mentioned, a special statute expressly allows the commissioner to adopt and enforce rules to implement Iowa Code chapter 86. *See* Iowa Code § 86.8(1). Another statute states that any aggrieved party "may appeal to the workers' compensation commissioner in the *time* and *manner* provided by rule." *Id.* § 86.24(1) (emphasis added). Pursuant to these statutes, an administrative rule allows the commissioner to dismiss an appeal for failure to comply with the commissioner's rules. *See* Iowa Admin. Code r. 876—4.36 Obviously, because of these statutes and administrative rules, Iowa's civil procedure rules dealing with sanctions for failure to comply with discovery orders, for example, simply do not apply to the commissioner's authority to dismiss an appeal for failure to comply with the commissioner's rules. *Compare* Iowa R. Civ. P. 1.517(2) (listing a number of sanctions the district court may impose, including dismissal, in discovery matters for failure to comply with court order), *with* Iowa Code §§ 86.8(1), 86.24(1), *and* Iowa Admin. Code r. 876—4.36; *see also* Iowa Admin. Code r. 876—4.35.

■ These differences become important because we have insisted that before the district court may dismiss an action for failure to comply with a discovery order there must be a finding that the failure to comply was a result of willfulness, fault, or bad faith. *Kendall/Hunt Publ'g Co. v. Rowe,* 424 N.W.2d 235, 240 (Iowa 1988). We see nothing in the statutes or administrative rules which we have cited that impose a similar requirement when the commissioner dismisses an appeal for failure to comply with the commissioner's rules.

Third, Marovec had his day in court and what he lost was his right to have the commissioner consider his appeal. In contrast, plaintiffs in the district court lose their day in court if dismissal is the sanction. Clearly, the loss in the latter case is more extreme, and for that reason extra precaution, as mandated by *Kendall/Hunt,* is essential.

Fourth, we are duty bound by statute to give deference to the commissioner's decision in these matters. *See* Iowa Code § 17A.19(11)(*c*). Deference means to yield *judgment. Webster's Third New International Dictionary* 591 (2002). In short, whether or not to impose the sanction of dismissal is a judgment call on the commissioner's part. It is of no concern to a court reviewing an administrative sanction whether a different sanction would be more appropriate or whether a less extensive sanction would have sufficed; such matters are the province of the agency. 2 Am.Jur.2d *Administrative Law* § 453, at 388 (2004); *cf. Cal. Real Estate Loans, Inc. v. Wallace,* 18 Cal.App.4th 1575, 23 Cal.Rptr.2d 462, 465 (1993) ("Neither a

trial court nor an appellate court is free to substitute its discretion for that of an administrative agency concerning the degree of punishment imposed."); *Yeksigian v. City of Chicago*, 231 Ill.App.3d 307, 172 Ill.Dec. 731, 596 N.E.2d 10, 14 (1992) ("The mere fact a reviewing court considers a different sanction more appropriate does not render a decision arbitrary.").

■ Last, we must also keep in mind the purpose behind the workers' compensation act:

> "The fundamental reason for the enactment of [the workers' compensation act] is to avoid litigation, lessen the expense incident thereto, minimize appeals, and afford an efficient and speedy tribunal to determine and award compensation under the terms of this act.
>
> 'It was the purpose of the legislature to create a tribunal to do rough justice— speedy, summary, informal, untechnical. *With this scheme of the legislature we must not interfere; for, if we trench in the slightest degree upon the prerogatives of the commission, one encroachment will breed another, until finally simplicity will give way to complexity, and informality to technicality.'* "

*Zomer v. West River Farms, Inc.*, 666 N.W.2d 130, 133 (Iowa 2003) (emphasis added) (quoting *Flint v. City of Eldon*, 191 Iowa 845, 847, 183 N.W. 344, 345 (1921) (citation omitted)). Those words are as true today as they were eighty-four years ago.

Because the commissioner has the responsibility for deciding cases in an expeditious and timely manner, we must not "trench in the slightest degree upon the prerogatives of the [commissioner]" in this area. *Id.* On this record, we cannot say that Marovec has established that the commissioner abused her discretion in dismissing his appeal.

## V.  Disposition.

Finding no abuse of discretion regarding the commissioner's decision to dismiss Marovec's appeal, we affirm the decision of the court of appeals and the judgment of the district court.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except CARTER, J., who takes no part, CADY, J., who dissents and WIGGINS, J., who dissents.

CADY, Justice (dissenting).

I respectfully dissent. I agree with the majority that the commissioner had authority to dismiss the appeal. However, the exercise of this authority was abused when the commissioner failed to impose a lesser sanction that would have accomplished the same purpose as a dismissal.

Although judges have a great deal of discretion in imposing sanctions for failing to comply with procedural rules, the range of discretion narrows when dismissal is imposed. *Kendall/Hunt Publ'g Co. v. Rowe*, 424 N.W.2d 235, 240 (Iowa 1988) (citing *Smiley v. Twin City Beef Co.*, 236 N.W.2d 356, 360 (Iowa 1975)). Thus, before imposing the sanction of dismissal, we have required a judge to find that the failure "to comply was the result of willfulness, fault or bad faith." *Id.* (citing *Smiley*, 236 N.W.2d at 360). The rationale for this special "rule reflects the 'proper balance between the conflicting policies of the need to prevent delays and the sound public policy of deciding cases on their merits.' " *Id.* (quoting *Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir.1977); citing *Fox v. Studebaker–Worthington, Inc.*, 516 F.2d 989, 996 (8th Cir.1975)). Moreover, this balance should render the sanction of dismissal a "rare judicial act." *Id.* A sanc-

tion that deprives litigants of their day in court carries due process implications. *See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255, 1265 (1958).

In this case, the majority departs from this accepted standard by elevating the policy of moving cases through the judicial system without delay over the venerable and time-honored judicial policy of deciding cases on their merits. Instead of requiring willfulness, fault, or bad faith as a basis for a dismissal, the majority establishes a new standard based on the absence of "good cause." Under the new standard, if an attorney is unable to establish "good cause" for the failure to file a brief with the court within an established deadline, judges are permitted to dismiss the case with no final adjudication on the merits. This new standard is not only hostile to the fundamental existence of our system of justice, but the practice of law. It gives judges too much authority to deprive litigants of a final adjudication of a claim on the merits, and it will give rise to tension between judges and lawyers, as well as lawyers and clients. It is a step in the wrong direction, and it falls short of the due process standard of fault that must be met to support the dismissal of a claim. *See Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066–68 (2d Cir.1979) (considerations of fair play dictate courts eschew the harshest sanctions when faced with conduct amounting to mere oversight of counsel).

The reality of this case is that the attorney responsible for filing the brief honestly acknowledged his neglect in missing the briefing deadline, and he promptly filed the required brief prior to the sanction hearing once informed of his mistake. There was no evidence that the attorney had ignored deadlines in the past. Moreover, the employer did not object to the late-filed brief and promptly filed a brief addressing the substantive issues in the case. There were simply no aggravating circumstances supporting any form of bad faith or willfulness by the attorney. The delay was minimal, and a lesser sanction, such as assessment of a fine against the attorney, would easily have sustained the goal of moving cases through the system without unnecessary delay. Dismissal under the circumstances of this case was a harsh and punitive sanction, contrary to the concept of due process. Discretion permits a judge to make a choice among alternatives, but does not permit a judge to impose the severe sanction of dismissal when a less drastic sanction would equally serve as a proper deterrent or would otherwise satisfy the need for imposing a sanction. By failing to intervene in the decision of the commissioner, we have abrogated our important responsibility to place proper limits on judicial discretion, and we have failed to fully consider the impact of our decision on lawyers, clients, and the practice of law.

WIGGINS, Justice (dissenting).

I respectfully dissent. I agree with the majority that counsel's inadvertence is not good cause to avoid sanctions. I disagree, however, with the majority's analysis on whether the commissioner abused her discretion in determining the proper sanction in this case.

Under the Administrative Procedure Act,

> [t]he court may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant other appropriate relief from agency action ... if it determines that substantial rights of the person seeking judicial relief have been preju-

diced because the agency action is any of the following:

. . . .

n. Otherwise unreasonable, arbitrary, capricious, or an abuse of discretion.

Iowa Code § 17A.19(10)(n) (2001). We are also required to "give appropriate deference to the view of the agency with respect to particular matters that have been vested by a provision of law in the discretion of the agency." Iowa Code § 17A.19(11)(c). I cannot see how the majority can apply these rules of judicial review to this case when the industrial commissioner did not provide any reasons for choosing the sanction she did.

In situations involving dismissal or default, we have said:

> [F]undamental fairness should require a district court to enter an order to show cause and hold a hearing, if deemed necessary, to determine whether assessment of costs and attorney fees or even an attorney's citation for contempt would be a more just and effective sanction. Dismissal and entry of a default judgment should be the rare judicial act. When noncompliance is the result of dilatory conduct by counsel, the courts should investigate the attorney's responsibility as an officer of the court and, if appropriate, impose on the client sanctions less extreme than dismissal or default, unless it is shown that the client is deliberately or in bad faith failing to comply with the court's order.

*Kendall/Hunt Publ'g Co. v. Rowe,* 424 N.W.2d 235, 240–41 (Iowa 1988). Fundamental fairness is an important consideration the commissioner must use in processing a workers' compensation claim. *See Michael Eberhart Constr. v. Curtin,* 674 N.W.2d 123, 127 (Iowa 2004) (holding it is unfair to allow claimant to amend his petition after the hearing); *Univ. of Iowa Hosps. & Clinics v. Waters,* 674 N.W.2d 92, 97 (Iowa 2004) (holding in determining if a party has sufficient notice of an issue, the test is fundamental fairness, not whether the notice meets the technical rules of common-law pleading); *Oscar Mayer Foods Corp. v. Tasler,* 483 N.W.2d 824, 828 (Iowa 1992) (same). I believe fundamental fairness requires the commissioner to apply the analysis used in *Kendall/Hunt* before the commissioner defaults a party or dismisses an action.

Although the commissioner gave a reason for sanctioning the claimant, the commissioner did not give any reasons for choosing the harshest sanction, dismissal of the appeal. The Administrative Procedure Act only requires us to give "appropriate deference to the view of the agency." Giving appropriate deference to the view of the commissioner is not the same as yielding to the commissioner's judgment, when the reviewing court does not know the reasons why the commissioner chose to dismiss the appeal as the sanction for counsel's inadvertence. In order for us to determine whether the commissioner abused her discretion in choosing the appropriate sanction, she must provide the reviewing court with reasons for her actions so the reviewing court can at least determine that the commissioner properly exercised her discretion. *See Litterer v. Judge,* 644 N.W.2d 357, 362 (Iowa 2002).

Dismissal may have been the appropriate sanction; however, under this record I am unable to give the commissioner the appropriate deference without knowing the reasons why the commissioner chose the extreme sanction of dismissal. *See State v. Keopasaeuth,* 645 N.W.2d 637, 641 (Iowa 2002) (holding the reasons why a court imposes a sentence in a criminal case must be detailed sufficiently to allow appellate review of the discretionary action); *State v. Jacobs,* 607 N.W.2d 679, 690 (Iowa 2000)

(holding although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the discretionary action). Therefore, I would remand this case to the agency to determine the appropriate sanction and require the commissioner to articulate her reasons for imposing the sanction.