**IN THE COURT OF APPEALS OF IOWA**

No. 13-1866
Filed October 29, 2014

**BRIAN RAWLINGS,**
    Plaintiff-Appellant,

**vs.**

**MIKE PESCHONG,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, James A. McGlynn, Judge.

The plaintiff appeals the grant of summary judgment in favor of the defendant. **AFFIRMED.**

Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

Guy R. Cook and Adam D. Zenor of Grefe & Sidney, P.L.C., Des Moines, for appellee.

Considered by Potterfield, P.J., Tabor, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

The plaintiff, Brian Rawlings, appeals the grant of summary judgment in favor of the defendant, Mike Peschong. The district court found Rawlings failed to present a genuine fact question on his claim Peschong breached an oral contract and then held Peschong was entitled to judgment as a matter of law. On appeal, Rawlings contends the court erred in determining he was judicially estopped from alleging Peschong failed to obtain a valid insurance policy on his home. Because Rawlings waived his challenge to the district court's finding that he failed to dispute the existence of a valid insurance policy, we affirm.

**I. Background Facts and Proceedings.**

Rawlings built a home in Marshalltown in 1993, and was awarded the home when he and his wife divorced. In May of 2007, Rawlings asked Peschong to procure an insurance policy on the home. Rawlings believed he had a valid insurance policy with State Farm Fire & Casualty Company (State Farm).

On January 29, 2008, Rawlings's home was destroyed by a fire. Rawlings submitted a claim with State Farm for losses caused by the fire. State Farm denied the claim in a letter dated November 5, 2008, stating its investigation determined the fire loss was not a result of an accidental direct physical loss as required under the policy.

On January 28, 2009, Rawlings filed suit against State Farm, seeking to recover under his insurance policy. He voluntarily dismissed the action on January 20, 2010.

Rawlings again filed suit against State Farm on August 25, 2011. The district court granted summary judgment in favor of State Farm on February 17,

2012, because the action was filed after the policy's one-year limitation period had expired. This court affirmed the dismissal on appeal. *Rawlings v. State Farm Fire & Cas. Co.*, No. 12-0435, 2012 WL 2407690, at *3 (Iowa Ct. App. June 27, 2012).

Rawlings alleges that in mid-2012, he learned he did not have a valid policy with State Farm. As a result, on January 29, 2013, he filed the current action against Peschong. His petition alleges he is entitled damages under nine theories of recovery: breach of oral contract, unjust enrichment, failure to procure a valid policy, failure to provide a duty of care, conspiracy to commit fraud, fraud, malpractice, concealment, and negligence.

Peschong filed a motion for summary judgment on July 11, 2013, and the motion was heard on September 16, 2013. In its October 25, 2013 ruling, the court determined that only the breach of oral contract claim was timely filed and legally recognizable. However, it found Rawlings had failed to dispute the existence of a valid insurance policy by failing to file any affidavits supporting his position and resting on "his mere allegations." The court further noted Rawlings had alleged the existence of a valid insurance policy in the prior litigation against State Farm, which State Farm had never denied and on which the district court and the court of appeals had relied in their decisions. While the court refused to apply the doctrine of res judicata to find a valid insurance policy existed, it further held the doctrine of judicial estoppel prevented Rawlings from asserting a different position in the current litigation than he had in his litigation against State Farm.

**II. Scope and Standard of Review.**

We review a grant of summary judgment for correction of errors at law. *Huck v. Wyeth, Inc.*, 850 N.W.2d 353, 362 (Iowa 2014).  In so doing, we review the evidence in the light most favorable to the nonmoving party.  *Id.*  The moving party bears the burden of showing no genuine issue of material fact is in dispute and the party is entitled to judgment as a matter of law.  *Sabin v. Ackerman*, 846 N.W.2d 835, 839 (Iowa 2014).  Summary judgment is not appropriate if reasonable minds could draw different inferences from the evidence and reach different conclusions.  *Id.*

**III. Discussion.**

Rawlings sole contention on appeal is that the trial court erred in determining he was judicially estopped from asserting a valid insurance policy did not exist.  This was one of two bases on which the court found Rawlings failed to show a genuine fact dispute regarding the existence of a valid insurance policy.  As Peschong notes, Rawlings does not dispute the other basis for granting summary judgment—the court's finding he failed to present evidence showing a genuine fact dispute over the existence of a valid insurance policy.

Summary judgment is appropriate only if there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law.  *Huck*, 850 N.W.2d at 362.  An issue is "genuine" if a reasonable factfinder could return a verdict or decision for the nonmoving party based on the record evidence.  *Id.*  A fact issue is in dispute if reasonable minds can differ on how the issue should be resolved.  *Boelman v. Grinnel Mut. Reins. Co.*, 826 N.W.2d 494, 501 (Iowa 2013).  If the nonmoving party has no evidence to

support a determinative element of that party's claim, summary judgment is properly granted. *Huck*, 850 N.W.2d at 362.

On appeal, Rawlings does not contest the finding that he failed to dispute the existence of a valid insurance policy by showing material facts to support his claim. "'[T]he scope of appellate review is defined by the issues raised by the parties' briefs.' Issues not raised in the appellate briefs cannot be considered by the reviewing court." *ALCOA v. Musal*, 622 N.W.2d 476, 479 (Iowa 2001) (citations omitted). "Moreover, issues are deemed waived or abandoned when they are not stated on appeal by brief . . . ." *Hubby v. State*, 331 N.W.2d 690, 694 (Iowa 1983). Rawlings has waived error on the question of whether he presented evidence to dispute the existence of a valid insurance policy. The lack of such evidence on this material fact was a proper basis for the granting of summary judgment in favor of Peschong, and accordingly, we need not address Rawlings's judicial estoppel argument.

**AFFIRMED.**