Francis A. SCHOENFELD, Claimant, Appellant,

v.

FDL FOODS, INC., Self–Insured Employer, Appellee.

No. 95–1504.

Supreme Court of Iowa.

March 26, 1997.

Michael J. Coyle and Michael J. Shubatt of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for Appellant.

Les M. Blair, III, of Naylor, Hoover & Blair, P.C., Dubuque, for Appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

Francis A. Schoenfeld injured his knee while working at FDL Foods, Inc. The deputy industrial commissioner (Deputy) awarded him healing period benefits, permanent partial disability benefits, and payment of medical expenses. The industrial commissioner (Commissioner) affirmed the award of healing period benefits and payment of medical expenses, but reversed the award of permanent benefits. The Commissioner concluded that a medical evaluation report prepared by Schoenfeld's treating physician should be excluded from evidence because it was completed after the discovery deadline. Without the report, Schoenfeld had no proof of the extent of his disability or that he suffered a permanent injury. The Commissioner's decision was affirmed on judicial review by the district court and court of appeals. We vacate the decision of the court of appeals, reverse the judgment of the district court, and remand for further proceedings.

I. *Background Facts and Proceedings.*

Schoenfeld is employed by FDL Foods as a maintenance worker. He injured his right knee at work on August 21, 1992. Because of his work schedule, Schoenfeld did not report the injury to FDL Foods until the next day. FDL Foods' company physician, Dr. L.C. Faber, examined Schoenfeld on August 27, telling Schoenfeld he would have to talk to the safety and workers' compensation manager to determine whether the company considered his injury work related. Schoenfeld saw Faber again on November 2, and FDL Foods still had not decided whether to cover the injury. Schoenfeld was told he could file a claim with his health insurance provider and that, if FDL Foods eventually

decided the claim was compensable, it would take care of the expenses.

Because of persistent pain and discomfort in his knee, Schoenfeld went to see Dr. David Field, an orthopedic surgeon, on November 30. Field subsequently performed two arthroscopic surgeries on Schoenfeld, one in December 1992 and the other in January 1993. As a result of his knee problems, Schoenfeld was unable to work from December 8, 1992 to March 15, 1993. Field released Schoenfeld to return to work on March 15, with a special instruction that he not do any kneeling. Field also provided FDL Foods with medical and surgical reports on Schoenfeld's injury and condition.

Schoenfeld filed a petition for workers' compensation arbitration on January 4, 1993, seeking healing period benefits, medical expenses for the treatment of his knee, permanent partial disability benefits, and penalties. In a hearing assignment order filed December 13, the Deputy set a discovery deadline of February 25, 1994. This order required each party to serve a list of witnesses and exhibits upon the opposing party prior to the deadline date. The order further provided the case preparation dates would be enforced under a prejudice standard, and additional exhibits would be allowed only if a party was not unfairly surprised by their introduction into evidence. Hearing on the petition was set for April 26.

At the request of Schoenfeld's attorney, Field evaluated Schoenfeld on April 14 and submitted an evaluation report dated April 19. Field indicated that Schoenfeld had a seven percent impairment of his lower extremity or a three percent whole body impairment due to the injury. Schoenfeld served the evaluation report on FDL Foods the following day.

At the hearing, FDL Foods objected to the introduction of Field's evaluation report, claiming that the report was completed after the discovery deadline and that it was prejudiced by the late discovery. In response, Schoenfeld's attorney acknowledged the delay, but argued it had been caused by the employer's failure to pay for Schoenfeld's medical treatment, which caused Field, his treating physician, to be uncooperative.

Schoenfeld's counsel also noted that Field's medical and surgical reports were provided to the employer. Counsel suggested there was no prejudice to the employer by the late discovery because the employee could dismiss the suit, refile it, and thus avoid the sanction.

The Deputy admitted Field's evaluation report, reasoning that the employer was not prejudiced by the admission of the report. FDL Foods did not request a continuance to allow discovery. The hearing before the Deputy then proceeded. On May 10, 1994, the Deputy entered an arbitration decision and concluded that Schoenfeld's injury arose out of and in the course of his employment at FDL Foods. She determined that FDL Foods was responsible for healing period benefits, permanent partial disability benefits, medical benefits, interest, and costs. With regard to the permanent benefits, the Deputy instructed FDL Foods to pay 15.4 weeks of benefits at the rate of $343.85 per week.

On appeal, the Commissioner affirmed the Deputy's award of healing period benefits and medical expenses, but reversed the award of permanent benefits. The Commissioner held the Deputy abused her discretion in admitting Field's evaluation report, stating that the lateness of Field's report did not allow FDL Foods adequate time to prepare to rebut the exhibit.

On December 20, Schoenfeld filed a petition for judicial review in district court. After a hearing, the district court entered a ruling, affirming the Commissioner's decision. Schoenfeld filed timely notice of appeal, and we transferred the case to the court of appeals. The court of appeals affirmed the district court's ruling. We granted Schoenfeld's petition for further review.

II. *Scope of Review.*

██ Our review of decisions of the industrial commissioner is governed by Iowa Code chapter 17A, the Iowa Administrative Procedure Act. Iowa Code § 86.26 (1991); *Squealer Feeds v. Pickering,* 530 N.W.2d 678, 681 (Iowa 1995). We review rulings of the industrial commissioner for correction of

errors of law, as does the district court. *Squealer Feeds,* 530 N.W.2d at 681. We may affirm, reverse, modify, or grant any other appropriate equitable or legal relief. Iowa Code § 17A.19(8); *Squealer Feeds,* 530 N.W.2d at 681. We may grant relief where substantial rights of a party have been prejudiced and the agency decision is (1) affected by error of law, (2) not supported by substantial evidence in the record, or (3) characterized by an abuse of discretion. Iowa Code §§ 17A.19(8)(e), (f), (g). "The imposition of sanctions by administrative agencies is discretionary." *Stephenson v. Furnas Elec. Co.,* 522 N.W.2d 828, 831 (Iowa 1994).

### III. *Admissibility of Dr. Field's Evaluation Report.*

■ Schoenfeld admits the delivery of Field's evaluation report six days before trial did not comply with the hearing assignment order. The Deputy acknowledged a prejudice standard would control the admissibility of the report as evidence. The Deputy inquired as to how the employer was prejudiced. Counsel for FDL Foods urged they were prejudiced because counsel did not have time to depose Field on the conclusions of his report or the basis for his impairment rating. The Deputy found the admission of the evaluation report would not be prejudicial. She recognized that Field was the treating physician, not a hired expert. She also recognized that FDL Foods had received the surgery reports and clinical notes of the treating physician and had offered them as evidence. Finally, the Deputy noted that Schoenfeld could dismiss the case, refile it, and get the report in, which to her was "a waste of time."

On appeal, the Commissioner recognized the employer's right to depose and cross-examine the doctor who prepared the report and to have the deposition admitted as evidence. *See* Iowa Admin. Code r. 873–4.18 (1997) (formerly Iowa Admin. Code r. 343–4.18). The Commissioner concluded that service of the evaluation report six days before the hearing did not give the employer sufficient time to depose Field or secure contrary evidence from another physician. The Commissioner found the admission of Field's evaluation report was prejudicial, and he excluded the evaluation report from the record. We must determine if the Commissioner's ruling was an abuse of discretion.

■ An abuse of discretion occurs when a ruling rests on grounds or reasons clearly untenable or unreasonable. *Squealer Feeds,* 530 N.W.2d at 681. In other words, "abuse of discretion is synonymous with unreasonableness, and involves lack of rationality, focusing on whether the agency has made a decision clearly against reason and evidence." *Stephenson,* 522 N.W.2d at 831. Exclusion of evidence is the most severe sanction available under Iowa Rule of Civil Procedure 125(c), the rule concerning discovery of experts, and is justified only when prejudice would result. *Id.*

We have been reluctant to reverse the Commissioner's imposition of the sanction of exclusion for noncompliance with the scheduling order or the rule that requires information thirty days prior to hearing. *See Dunlavey v. Economy Fire & Cas. Co.,* 526 N.W.2d 845, 859 (Iowa 1995); *Stephenson,* 522 N.W.2d at 831–32. However, under the circumstances of this case, we believe the Commissioner abused his discretion in excluding the doctor's evaluation report.

Field was Schoenfeld's treating physician. His evaluation report is limited to an assessment of the right knee he treated. As such, the duty to designate a treating physician as an expert witness under rule 125(c) is limited. *See Carson v. Webb,* 486 N.W.2d 278, 280 (Iowa 1992). Field had provided the employer with detailed medical information from the date Schoenfeld was first examined in November 1992 to his last treatment in April 1993. The employer had also received the hospital operative records and had offered them as exhibits at the hearing.

The Deputy's pretrial order stated additional exhibits would be allowed if there was no unfair surprise to the other party. Schoenfeld's petition claimed permanent partial disability benefits. Field was the treating physician and the logical person to evaluate the permanency of the injury. FDL Foods was not unfairly surprised by the admission of the evaluation report.

We conclude FDL Foods was not prejudiced by the delay in securing Field's report. It was not reasonable for the Commissioner to exclude the exhibit based on the delay. After being advised by the Deputy that the exhibit would be admitted, the employer made no request for a continuance of the hearing. The exclusion of the evaluation report, under these circumstances, would run contrary to the primary purpose of the workers' compensation statute, which is for the benefit of the worker. *See Ehteshamfar v. UTA Engineered Sys. Div.*, 555 N.W.2d 450, 453 (Iowa 1996).

We remand this case to the district court for entry of an order remanding the case to the Commissioner for a new hearing on the issue of permanent partial disability benefits. The Commissioner should consider the record made before the Deputy and all exhibits, including Field's evaluation report.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**