# IN THE COURT OF APPEALS OF IOWA

No. 22-0684
Filed March 29, 2023

**LORRI HAGEN,**
　　　　Petitioner-Appellee,

**vs.**

**SERTA/NATIONAL BEDDING CO., LLC, and SAFETY NATIONAL CASUALTY CO.,**
　　　　Respondents-Appellants.
_____

　　　　Appeal from the Iowa District Court for Worth County, Chris Foy, Judge.


　　　　An employer and insurance carrier appeal the district court's ruling on a claimant's petition for judicial review of a decision of the workers' compensation commissioner. **AFFIRMED.**


　　　　Lindsey E. Mills of Smith Mills Schrock Blades P.C., West Des Moines, for appellants.

　　　　John M. Loughlin of Loughlin Law Firm, Cherokee, for appellee.


　　　　Considered by Bower, C.J., and Greer and Badding, JJ.

**BADDING, Judge.**

Serta/National Bedding Co., LLC and its insurer (collectively Serta) appeal the district court's ruling on judicial review that reversed the decision of the workers' compensation commissioner to exclude untimely expert witness reports from Serta's former employee, Lorri Hagen. Serta claims the commissioner did not abuse his discretion in excluding these reports because receipt of the evidence would have been unfairly prejudicial under Iowa Administrative Code rule 876-4.19(3)(e).

## I.     Background Facts and Proceedings

Hagen sustained an injury arising out of and in the course of her employment with Serta in February 2017, when a heavy cart rolled over her right foot. Hagen filed an arbitration petition in August 2019 seeking workers' compensation benefits. A hearing assignment order filed at the end of December set an arbitration hearing for September 25, 2020.

That order set deadlines for discovery, along with the exchange and filing of witness and exhibit lists and proposed exhibits. For the most part, the deadlines in the order tracked the time limits in Iowa Administrative Code rule 876-4.19(3), which governs "prehearing procedure, completion of discovery and case management in contested cases." This appeal involves Hagen's failure to abide by these deadlines.

Under rule 876-4.19(3)(b), Hagen was required to "certify to all other parties the expert's name, subject matter of expertise, qualifications, and a summary of the expert's opinions" if she intended to introduce evidence from an expert. She had to certify 120 days before hearing, Serta ninety days before hearing, and

rebuttal sixty days before hearing.[1]  Iowa Admin. Code r. 876-4.19(3)(b).  In turn, "[a]ll discovery responses, depositions, and reports from independent medical examinations shall be completed and served on opposing counsel and pro se litigants at least 30 days before hearing."  *Id.* r. 876-4.19(3)(c).  The parties were also required to serve witness and exhibit lists "and exchange all intended exhibits that were not previously required to be served" no later than thirty days before hearing.  *Id.* r. 876-4.19(3)(d).  The hearing assignment order further mandated that "[a]t least 14 days prior to hearing, the parties shall file proposed exhibits," with any written objections or motions to exclude evidence to be filed at least seven days before the hearing.  *See id.* r. 876-4.19(3)(d).

Rule 876-4.19(3)(e), and the hearing assignment order, set out the following consequence for violating these deadlines:

> If evidence is offered at hearing that was not disclosed in the time and manner required by these rules, as altered by order of the workers' compensation commissioner or a deputy workers' compensation commissioner or by a written agreement by the parties, the evidence will be excluded *if the objecting party shows that receipt of the evidence would be unfairly prejudicial.*

(Emphasis added.)

---

[1] The rule provides the following exceptions that the parties have not contended apply here:
> Certification is not required to introduce evidence from an examining physician pursuant to Iowa Code section 85.39, a treating physician, or a vocational consultant if the expert witness is known by all parties to have personally provided services to the claimant and the witness's reports are served on opposing parties prior to the date when certification is required.  The parties may alter these times by written agreement.

Iowa Admin. Code r. 876-4.19(3)(b).

Proceeding under that rule, the deputy commissioner excluded two reports offered by Hagen as exhibits at the arbitration hearing: exhibit 10—an independent medical examination by Dr. John Kuhnlein, and exhibit 11—a vocational report by Tom Karrow. Neither Kuhnlein or Karrow were timely certified as experts, nor were their reports provided to Serta at least thirty days before hearing. The record discloses the following timeline as to these exhibits:

- November 5–7, 2019: On November 5, Hagen's counsel requested agreement from Serta to provide an independent medical examination under Iowa Code section 85.39 (2019). On November 7, Serta's counsel agreed to provide an independent medical examination.

- May 19, 2020: The examination was originally scheduled to occur and be conducted by Dr. Kuhnlein on this date, but it was rescheduled to June 23 because Dr. Kuhnlein was sick.

- June 23: The examination was conducted by Dr. Kuhnlein.

- August 19: Hagen's counsel provided updated discovery responses to Serta and listed Karrow as a vocational expert.

- August 27: Hagen's counsel received Serta's vocational report. Also, Hagen's counsel informed opposing counsel "that he has inquired into the status of the two reports and that they can be expected soon and thanked her for her patience." Serta's counsel did not respond to this email.

- September 10–11: Dr. Kuhnlein completed his report on September 10. Hagen provided the report to Serta the same date. Karrow also completed his vocational report on September 10, and Hagen provided the report to Serta the next day.

One week before the September 25 arbitration hearing, Serta filed a written objection to these exhibits, asserting the experts were not timely identified, their reports were not timely produced, and their consideration would be unfairly prejudicial to Serta. Specifically, Serta claimed:

> The production of [Dr. Kuhnlein's] report after the 30-day deadline is prejudicial to Defendants as they were not aware of Dr. Kuhnlein's opinions regarding the extent of impairment and permanent work

restrictions until 15 days prior to the Arbitration Hearing. In addition, Mr. Karrow's report concluding that the claimant is permanently and totally disabled was produced to Defendants 14 days prior to the Arbitration Hearing. Given the late production of the reports, Defendants are unable to respond or rebut Dr. Kuhnlein or Mr. Karrow.

Hagen resisted, arguing Serta was not prejudiced by the delay, as it was "aware the exhibits were forthcoming and all exhibits were provided prior to the exhibit filing deadline." To alleviate Serta's purported inability to respond to the exhibits, Hagen suggested "leaving the record open for an appropriate amount of time following the hearing to permit Defendants to rebut the reports, should they choose to do so."

The case proceeded to the arbitration hearing, where one of the disputed issues was whether Hagen was permanently and totally disabled. At the start of the hearing, the deputy commissioner considered Serta's request to exclude the exhibits. After hearing the parties' arguments on that issue, which included Serta's claim of "complete surprise," the deputy asked Serta's counsel for her position on leaving the record open for rebuttal evidence. Counsel responded that would not alleviate the prejudice because Serta would have "to go expend additional expenses and costs and time," which would cause further delay. Ultimately, the deputy sided with Serta, finding exclusion was proper "if there's an unfairly prejudicial instance, which I believe there is."

After the hearing, Hagen asked the deputy to reconsider his exclusion of the exhibits. The deputy denied the motion, reasoning:

> The claimant argues that, despite flouting the long established procedural rules noted above, no prejudice occurred, and thus the undersigned should reconsider the ruling and admit the proposed exhibits into evidence. Failing to adhere to the well-established

timelines discussed above causes an inherent prejudice to litigants. The defendants were prejudiced by late production of reports. . . . I agree with the defendants that leaving the record open to obtain rebuttal reports would only serve to delay the final disposition of this matter, which is why I declined, and continue to decline to do so.

In his ensuing arbitration decision, the deputy found Hagen failed to prove she is permanently and totally disabled, she reached maximum medical improvement on July 23, 2019, and she suffered an industrial disability of sixty percent. Both parties appealed to the commissioner. On the exclusion issue, while the commissioner found Serta's claim of "complete surprise" was not correct, he agreed "there was some element of surprise." Given the nature of the exhibits and the timing of their production, the commissioner found Serta "proved unfair surprise and prejudice." And while the commissioner agreed leaving the record open "is often the preferred remedy employed by deputy commissioners in similar circumstances," he found the deputy did not abuse his discretion in not exercising that option. The commissioner affirmed the deputy on the issues of permanent disability, maximum medical improvement, and industrial disability.

Hagen petitioned for judicial review in the district court challenging, among other things, the exclusion of the Kuhnlein and Karrow reports. After briefing from the parties, the court entered a ruling reversing the commissioner's decision and remanding for further proceedings. The court found the deputy and commissioner decided to exclude the reports "without first making the necessary finding that admitting these reports would be unfairly prejudicial to" Serta, but instead "assumed that the prejudice to [Serta] inherent in the late disclosure and production of the reports by Hagen was sufficient, in itself, to warrant their exclusion from the record." The court found reliance on that assumption

"constitutes an abuse of discretion and a failure to apply and interpret the law correctly." Alternatively, the court found there was no evidence in the record to support a finding of unfair prejudice. So the court reversed the agency's decision and remanded with directions for the commissioner to admit the reports and other exhibits and to "leave the record open for whatever length of time he deems sufficient to permit [Serta] an opportunity to file responsive reports, and then revisit and rule on the issues." Serta appeals.

## II. Standard of Review

Iowa Code section 17A.19 (2021) governs judicial review of agency decisions. *See Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012). The district court acts in an appellate capacity in judicial-review proceedings. *Id.* When reviewing that decision on appeal, we apply the relevant standards of section 17A.19(10) to determine whether we reach the same results as the district court. *Id.* If so, "we affirm; otherwise, we reverse." *Id.* (citation omitted).

The relevant standards here are those set forth in section 17A.19(10)(m) and (n), which provide that relief may be granted on judicial review if the "substantial rights of the person seeking judicial relief have been prejudiced" because the agency action is "[b]ased upon an irrational, illogical, or wholly unjustifiable application of law to fact" or "[o]therwise unreasonable, arbitrary, capricious, or an abuse of discretion."

## III. Analysis

It is not disputed that, for the Kuhnlein and Karrow reports, Hagen missed the deadlines for certifying experts, completing and serving of reports from independent medical examinations, and exchanging of exhibits. *See* Iowa Admin.

Code r. 876-4.19(3)(b), (d). Instead, the question is whether these reports were properly excluded under rule 876-4.19(3)(e), which expressly provides that untimely evidence will only be excluded "if the objecting party shows that receipt of the evidence would be unfairly prejudicial."[2]

On that question, Serta first claims that it was prejudiced by the late disclosure of the reports because it was unaware of the reports' conclusions before receiving them, thus subjecting it to a potential "trial by ambush." While Serta claims surprise, it knew these reports, and the potential for differing opinions on the extent of Hagen's permanent disability, would be coming as early as November 2019. We agree with the dissent that "[k]nowing a report is coming as opposed to having the expert reports available so that trial preparation can be meaningful are two totally different considerations." But Serta was nevertheless prepared for the differing opinions, as its counsel told the deputy at the arbitration hearing: "[A]nd now Defendants have been required to prepare for hearing within two weeks [with] the two expert opinions." So the trial-by-ambush claim is unfounded since Serta had an opportunity to prepare a defense.

Second, Serta submits it "would have no ability to obtain new experts or otherwise respond to the reports." But Serta already had experts on the issues in the reports—an independent medical evaluation report issued by its medical examiner, Dr. Thomas Gorsche, and a very recently completed vocational report

---

[2] The parties do not address the potential applicability of rule 876-4.36, which separately allows "excluding or limiting evidence" upon a failure to comply with any of the administrative rules. Because rule 876-4.19(3)(e) is more specific, it would control. *See Braaksma v. Bd. of Dirs. of Sibley-Ocheyedan Cmty. Sch. Dist.*, 981 N.W.2d 134, 139 (Iowa 2022).

by Lana Sellner, both of which were admitted as evidence at the arbitration hearing. Those reports themselves could have served as rebuttal responses to Hagen's exhibits. Or Serta could have taken advantage of the offer to hold the record open for rebuttal, potentially from its previously retained experts, which the commissioner noted is "the preferred remedy employed by deputy commissioners in similar circumstances." *See Bos v. Climate Eng'rs, Inc.*, No. 17-0159, 2017 WL 6027162, at *4 (Iowa Ct. App. Nov. 22, 2017) ("[T]he agency offered Bos thirty days to file a reply to the vocational report. Bos declined the offer. The offer of additional time to rebut the report eliminated any prejudice from the late disclosure."). So Serta's claimed inability to respond rings hollow.

Third, Serta argues "leaving the record open and obtaining rebuttal reports only delays the final disposition of a case." But Serta does not state *how* a delay in final disposition would cause it unfair prejudice. And the record was already left open by the deputy for post-hearing briefing from the parties. We accordingly share the district court's skepticism with the genuineness of Serta's claimed desire for final disposition of the case. Even if that desire was genuine, allowing additional time would further the purpose of workers' compensation statutes—to benefit the worker—with no demonstrable unfair prejudice to Serta. *See Schoenfeld v. FDL Foods, Inc.,* 560 N.W.2d 595, 599 (Iowa 1997) (finding that the exclusion of an evaluation report "would run contrary to the primary purpose of the workers' compensation statute, which is for the benefit of the worker").

It is true, as Serta argues, that these reports were not by a treating physician, as was the case in *Schoenfeld*, 560 N.W.2d at 598–99, where our supreme court found the commissioner abused his discretion in excluding an

untimely report from the employee's treating physician because there was no "unfair surprise" to the other party. And it is also true that "*Schoenfeld* should not be read so broadly as to require admission of evidence received after the cutoff date on the basis the employer merely knew of the existence of the reporting doctor."[3] *Trade Pros., Inc. v. Shriver*, 661 N.W.2d 119, 122 (Iowa 2003). But the supreme court has stated a preference for "a reasonable balancing of the parties' interests," which involves admitting the report and providing the employer additional time to respond. *Id.* at 122–23. And *Schoenfeld* and *Trade Professionals*, both of which resulted in admission of the reports at issue, concerned expert reports that were disclosed only six and four days before hearing. *See Trade Pros.*, 661 N.W.2d at 121; *Schoenfeld*, 560 N.W.2d at 597. Here, we are dealing with roughly two weeks on an issue that Serta knew was disputed and was prepared to address at the hearing.

We recognize our historical reluctance to interfere with the commissioner's imposition of sanctions for disclosure violations. *See Trade Pros.*, 661 N.W.2d at 123; *Schoenfeld*, 560 N.W.2d at 598. But *Schoenfeld* and *Trade Professionals* were decided before rule 876-4.19(3)(e) went into effect in 2004. Before then, discovery deadlines were set by administrative case assignment orders. *See* Iowa Admin. Code rs. 876-4.19, .20 (2003). For instance, the order at issue in *Schoenfeld* did not assign a burden on the issue of prejudice to either party—it was simply a question for the deputy or commissioner to decide. 560 N.W.2d at

---

[3] We think this admonition, and the few cases on the issue since *Schoenfeld* and *Trade Professionals*, answer the dissent's concern "that some might use this majority opinion as a map to ignore deadlines and navigate around the rules."

597 (noting the case assignment order allowed additional exhibits "only if a party was not unfairly surprised by their introduction into evidence"). At the time of the hearing here, the rule placed the burden on the objecting party to "show[] that receipt of the evidence would be unfairly prejudicial." Iowa Admin. Code r. 876-4.19(3)(e) (2021). So to the extent the rule grants the commissioner discretion, we believe that discretion can be exercised only upon the objecting party's showing of unfair prejudice.[4] *See Thornberry v. State Bd. of Regents*, 186 N.W.2d 154, 161 (Iowa 1971) ("'[A]buse of discretion' means no discretion to do what was done.").

We agree with the district court that is where the commissioner went wrong—excluding the reports simply because of the prejudice inherent in their late disclosure, rather than holding Serta to its burden to show *unfair* prejudice from the receipt of the evidence. *See, e.g.*, *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 631 (Iowa 2000) (concluding the agency's blanket exclusion of testimony from

---

[4] Viewed in this way, the question of whether the objecting party met their burden to show unfair prejudice arguably involves the commissioner's application of the law to the facts, which would be reviewed for correction of errors at law, as opposed to an abuse-of-discretion standard. *See Meyer v. IBP, Inc.*, 710 N.W.2d 213, 218–19 (Iowa 2006). We recognize that is not the standard used by our supreme court in *Schoenfeld* or *Trade Professionals*, or by this court in reliance on those cases. *See, e.g.*, *Bos*, 2017 WL 6027162, at *4 (citing *Trade Pros.*, 661 N.W.2d at 123). But, as discussed above, *Schoenfeld* and *Trade Professionals* were decided before rule 876-4.19(3)(e) was adopted and without the assignment of a burden on the prejudice showing. Either way, if the commissioner had no "legal discretion" to exclude the reports absent a showing of unfair prejudice, then doing so absent that showing would still warrant relief under an abuse-of-discretion standard. *See, e.g.*, *Sparks v. Long*, 11 N.W.2d 716, 718 (Iowa 1943) (noting the discretion a trial court possesses to grant a motion for new trial "is a legal discretion—one that must be exercised upon sound judicial reasoning"); *accord Stockwell v. Chi., C. & D.R. Co.*, 43 Iowa 470, 476 (1876) ("If a new trial is granted upon insufficient cause or for reasons in conflict with the law, we must regard the case as one of abuse of the discretion of the court."); *Johnston v. Percy Constr., Inc.*, 258 N.W.2d 366, 371 (Iowa 1977) ("[T]he bounds of fair discretion are exceeded if the ruling lacks a sound legal basis.").

psychologists on causation was an abuse of discretion); *cf. Square D Co. v. Plagmann*, No. 11-0655, 2011 WL 6673544, at *6 (Iowa Ct. App. Dec. 21, 2011) (deferring to the agency's exclusion of an untimely expert report even though no finding of unfair prejudice was made). Such an interpretation (one automatically equating late disclosure with prejudice) is at odds with the language of the rule and swallows the admissibility avenue it provides for untimely reports.

Because Serta failed to show that the receipt of the evidence would be unfairly prejudicial as required by rule 876-4.19(3)(e), we conclude the commissioner abused his discretion in excluding the untimely reports. We accordingly affirm the judgment of the district court.

**AFFIRMED.**

Bower, C.J., concurs; Greer, J., dissents.

**GREER, Judge** (dissenting)

I dissent from the majority opinion because I disagree with the district court's finding that the commissioner abused his discretion by excluding the reports after Hagen failed to meet well-established deadlines.

Though the commissioner generally stated that Serta was unfairly prejudiced, I would infer that the commissioner made sufficient findings. *See Square D. Co. v. Plagmann*, No. 11-0655, 2011 WL 6673544, at *6 (Iowa Ct. App. Dec. 21, 2011) ("Although the deputy did not make a specific finding of fact concerning the possibility of unfair prejudice to Plagmann, we infer that such a finding was implicit in the deputy's decision to sustain Plagmann's objection and to exclude the exhibit."). Moreover, the commissioner outlined the appropriate standard and recognized that unfair prejudice was a prerequisite to exclusion. As the deputy stated in the written arbitration ruling, "[f]ailing to adhere to the well-established timelines discussed above causes inherent prejudice to litigants. The defendants were prejudiced by late production of reports."

I would also agree with the commissioner that because service on September 10 and 11 of two detailed expert opinion reports—one an independent medical examination report (seventeen pages long) and the other a report from a vocational expert (thirteen pages long)—was just days before the September 25 hearing, this delay likely would be prejudicial to any party as Serta argued. Knowing a report is coming as opposed to having the expert reports available so that trial preparation can be meaningful are two totally different considerations. I do not find the commissioner's choice to uphold the deadlines imposed rather than employing a work-around to be an abuse of discretion.

Given the deferential standard of our review, particularly toward an agency decision, I would not find it was unreasonable for the commissioner to uphold the deadlines and would reverse the district court's decision. While the penalty of excluding evidence is harsh, "[i]t is of no concern to a court reviewing an administrative sanction whether a different sanction would be more appropriate or whether a less extensive sanction would have sufficed; such matters are the province of the agency." *Marovec v. PMX Indus.*, 693 N.W.2d 779, 782 (Iowa 2005).

More broadly, it strikes me that some might use this majority opinion as a map to ignore deadlines and navigate around the rules. I think an agency should have discretion to apply the standards so that does not become the pattern.