# IN THE SUPREME COURT OF IOWA

No. 22–0684

Submitted November 16, 2023—Filed January 5, 2024

**LORRI HAGEN,**

Appellee,

vs.

**SERTA/NATIONAL BEDDING CO., LLC,** AND **SAFETY NATIONAL CASUALTY CO.,**

Appellants.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Worth County, Christopher Foy, Judge.

An employer and insurance carrier seek further review of the district court's ruling on a claimant's petition for judicial review that reversed the workers' compensation commissioner's exclusion of the claimant's untimely evidence.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED WITH INSTRUCTIONS.**

Christensen, C.J., delivered the opinion of the court, in which all justices joined.

Lindsey E. Mills of Smith Mills Schrock Blades, P.C., West Des Moines, for appellant.

John M. Loughlin of Loughlin Law Firm, Cherokee, for appellee.

**CHRISTENSEN, Justice.**

A workers' compensation claimant failed to timely certify her expert witnesses in accordance with the deputy workers' compensation commissioner's scheduling order and Iowa Administrative Code rule 876—4.19(3). The claimant also failed to produce these experts' reports at least thirty days before the arbitration hearing, serving them instead around two weeks before the hearing commenced. Upon objection from the employer and its insurance carrier, the deputy determined the receipt of the reports would be unfairly prejudicial and excluded the reports under Iowa Administrative Code rule 876—4.19(3)(*e*). The commissioner affirmed this decision, but the district court reversed on judicial review.

The court of appeals, over a dissent, affirmed the district court's reversal, and we granted further review. For the reasons explained below, we vacate the court of appeals decision, reverse the district court judgment, and remand to the district court for entry of an order affirming the commissioner's decision. The commissioner's decision to exclude untimely evidence is entitled to deference because Iowa law tasks the commissioner with adopting and enforcing the rules and procedures necessary to implement Iowa's workers' compensation laws. This includes the rules governing evidentiary deadlines in workers' compensation proceedings. Given this deference, we cannot say the commissioner abused his discretion by excluding the untimely evidence here.

## I. Background Facts and Proceedings.

Lorri Hagen was injured in the course of her employment with Serta/National Bedding Co., LLC, on February 21, 2017, when a cart weighing upwards of 350 pounds rolled over her right foot. At Serta's request, Hagen underwent an independent medical examination (IME) on July 22, 2019, with Dr. Gorsche, who opined that Hagen had reached maximum medical improvement for the work

injury. On August 5, Hagen filed an arbitration petition seeking workers' compensation benefits from Serta and its insurer, Safety National Casualty Co. (collectively, "Serta"). On November 5, Hagen requested agreement from Serta to provide an IME under Iowa Code section 85.39 (2019), which Serta agreed to on November 7.

The workers' compensation commissioner filed an order on December 31 that set Hagen's arbitration hearing for September 25, 2020, where one of the disputed issues would be whether Hagen was permanently and totally disabled. The order also established deadlines for discovery and the exchange and filing of witness and exhibit lists and proposed exhibits. These deadlines largely followed the time limits under Iowa Administrative Code rule 876—4.19(3), which governs "prehearing procedure, completion of discovery and case management in contested cases."

Under rule 876—4.19(3)(*b*), Hagen was required to "certify to all other parties the expert's name, subject matter of expertise, qualifications, and a summary of the expert's opinions" if she intended to introduce evidence from an expert. Iowa Admin. Code r. 876—4.19(3)(*b*). The rule also gave Hagen 120 days to certify before the hearing and Serta 90 days before the hearing and required that Hagen certify any rebuttal experts 60 days before the hearing. *See id.* Rule 876—4.19(3)(*c*) further provides that "[a]ll discovery responses, depositions, and reports from independent medical examinations shall be completed and served on opposing counsel and pro se litigants at least 30 days before hearing." *Id.* r. 876—4.19(3)(*c*).

The scheduling order set a 30-day deadline for the parties to serve a witness and exhibit list in accordance with rule 876—4.19(3)(*d*), ordering all parties to "serve a witness and exhibit list and exchange all intended exhibits that were not previously required to be served." *See id.* r. 876—4.19(3)(*d*). Finally, the order

mandated the parties file proposed exhibits "[a]t least 14 days prior to hearing" and any written objections or motions to exclude evidence at least 7 days before the hearing. *See id.*

In accordance with rule 876—4.19(3)(*e*), the order notified the parties of the following consequence for violating these deadlines:

> If evidence is offered at hearing that was not disclosed in the time and manner required by this order, other rulings made by a deputy workers' compensation commissioner or agency rules, the evidence may be excluded *if the objecting party shows that receipt of the evidence would be unfairly prejudicial.*

(Emphasis added); *see also* Iowa Admin. Code r. 876—4.19(3)(*e*).

The IME that Hagen requested was scheduled to occur with Dr. Kuhnlein on May 19, 2020, but Dr. Kuhnlein's office had to reschedule the IME for June 23 due to illness. On August 19, Hagen provided Serta with updated discovery responses and listed Tom Karrow as a vocational expert. Serta provided Hagen with its vocational report on August 27. On the same day, which was less than thirty days prior to the arbitration hearing, Hagen's counsel informed Serta "that he ha[d] inquired into the status of the two reports [from Dr. Kuhnlein and Karrow] and that they can be expected soon." Both Karrow and Dr. Kuhnlein completed their reports on September 10. Hagen provided Serta with Dr. Kuhnlein's report on September 10 and Karrow's report on September 11.

Hagen filed her proposed hearing exhibits on September 11, listing Dr. Kuhnlein's IME report as "exhibit 10" and Karrow's vocational report as "exhibit 11." Neither Dr. Kuhnlein nor Karrow were timely certified as experts, and their reports were not timely provided to Serta at least thirty days before the hearing. Serta filed a written objection to these two exhibits a week before the arbitration hearing, arguing,

The production of Dr. Kuh[n]lein's report after the 30-day deadline is prejudicial to Defendants as they were not aware of Dr. Kuhnlein's opinions regarding the extent of impairment and permanent work restrictions until 15 days prior to the Arbitration Hearing. In addition, Mr. Karrow's report concluding that the claimant is permanently and totally disabled was produced to Defendants 14 days prior to the Arbitration Hearing. Given the late production of the reports, Defendants are unable to respond or rebut Dr. Kuhnlein or Mr. Karrow.

Serta renewed this objection at the arbitration hearing on September 25, to which Hagen proposed leaving the record open for Serta to obtain rebuttal reports. Serta objected, arguing this would not alleviate the prejudice because it would have "to go expend additional expenses and costs and time," which would cause further delay. The deputy commissioner agreed with Serta and excluded the reports, concluding this was "an unfairly prejudicial instance."

Hagen moved to reconsider the exclusion of these exhibits after the hearing, which the deputy denied, reasoning,

Failing to adhere to the well-established timelines discussed above causes an inherent prejudice to litigants. The defendants were prejudiced by late production of reports. . . . I agree with the defendants that leaving the record open to obtain rebuttal reports would only serve to delay the final disposition of this matter, which is why I declined, and continue to decline to do so.

The deputy concluded Hagen suffered an industrial disability of sixty percent and reached maximum medical improvement on July 23, 2019, but she failed to prove she is permanently and totally disabled. The deputy also ordered Serta to pay Hagen penalty benefits due to its late payment of benefits to Hagen on five occasions.

On appeal, the commissioner issued a decision concluding the deputy did not abuse his discretion in excluding the exhibits. The commissioner noted that "keeping the record open and offering the objecting party the opportunity to seek

responsive reports is often the preferred remedy employed by deputy commissioners in similar circumstances." However, he explained,

> The IME report and vocational assessment report were not authored by treating physicians and were exchanged for the first time roughly two weeks before hearing in violation of Iowa Administrative Code rule 4.19(3). Furthermore, Mr. Karrow was not designated as an expert until roughly one month before hearing, which was also in violation of the rule, and Mr. Karrow's report concluded claimant was permanently and totally disabled, which was an opinion not shared by any other experts in this case. Thus, I find defendants proved unfair surprise and prejudice by the untimely exchange of these reports. As a result, with this additional analysis, I affirm the deputy commissioner's exclusion of Exhibits 10 and 11.

The commissioner also increased the amount of penalty benefits that Serta must pay Hagen for its late payments and ordered Serta to reimburse Hagen for the cost of the IME that Dr. Kuhnlein performed. He affirmed the deputy commissioner's ruling on all other aspects.

Hagen petitioned for judicial review in the district court, challenging the exclusion of the reports and other issues that are not relevant to this appeal. The district court reversed the commissioner's decision excluding the reports. It concluded the deputy and commissioner merely assumed the late disclosure and production of the reports was inherently prejudicial to Serta instead of making the necessary finding that admitting these reports would be unfairly prejudicial to Serta. According to the district court, "this assumption constitutes an abuse of discretion and a failure to apply and interpret the law correctly." The district court also observed, "Given that [the Commissioner] found Respondents to have unreasonably denied or delayed paying Hagen temporary disability benefits for over seven months earlier in these proceedings, the Court questions whether Respondents have any genuine concerns about disposing of this case promptly." Alternatively, it found no evidence in the record to support a finding of unfair prejudice.

The district court reversed the agency's decision and remanded with directions to admit the reports and other exhibits and "leave the record open for a whatever length of time [the commissioner] deems sufficient to permit [Serta] an opportunity to file responsive reports, and then revisit and rule on the issues." Serta appealed, and we transferred it to the court of appeals. The court of appeals affirmed the district court's ruling, with one judge dissenting.

The dissenting judge wrote,

> Given the deferential standard of our review, particularly toward an agency decision, I would not find it was unreasonable for the commissioner to uphold the deadlines and would reverse the district court's decision. While the penalty of excluding evidence is harsh, "[i]t is of no concern to a court reviewing an administrative sanction whether a different sanction would be more appropriate or whether a less extensive sanction would have sufficed; such matters are the province of the agency." *Marovec v. PMX Indus.*, 693 N.W.2d 779, 782 (Iowa 2005).
>
> More broadly, it strikes me that some might use this majority opinion as a map to ignore deadlines and navigate around the rules. I think an agency should have discretion to apply the standards so that does not become the pattern.

(Alteration in original.) We granted Serta's application for further review.

## II. Standard of Review.

Iowa Code section 17A.19 (2021) controls our judicial review of agency decisions to determine whether we reach the same conclusion as the district court. *Chavez v. MS Tech. LLC*, 972 N.W.2d 662, 666 (Iowa 2022). Here, the relevant sections guiding our decision are Iowa Code section 17A.19(10), subsections (*m*) and (*n*), which authorize the district court to grant relief on judicial review when the agency's action is "[b]ased upon an irrational, illogical, or wholly unjustifiable application of law to fact" or "[o]therwise unreasonable, arbitrary, capricious, or an abuse of discretion" that results in prejudice to the "substantial rights of the person seeking judicial relief."

### III. Analysis.

The only issue before us is whether the commissioner abused his discretion by excluding the reports from Dr. Kuhnlein and Karrow after Hagen failed to meet the deadlines in accordance with Iowa Administrative Code rule 876—4.19(3). "Abuse of discretion is synonymous with unreasonableness, and involves lack of rationality, focusing on whether the agency has made a decision clearly against reason and evidence." *Stephenson v. Furnas Elec. Co.*, 522 N.W.2d 828, 831 (Iowa 1994). This is a lenient standard that requires us to " 'broadly and liberally' apply the agency findings in order to uphold, rather than defeat, the agency's decision." *Id.* (quoting *Ward v. Iowa Dep't of Transp.*, 304 N.W.2d 236, 237 (Iowa 1981)).

That deference is appropriate here because the commissioner is statutorily required to "[a]dopt and enforce rules necessary to implement" Iowa's workers' compensation laws, Iowa Code § 86.8(1)(*a*), and the commissioner relied on those procedural rules to exclude the reports at issue. *See also id.* § 17A.3(1)(*b*)–(*c*) ("[E]ach agency shall . . . [a]dopt rules of practice setting forth the nature and requirements of all formal and informal procedures available to the public . . . [and rules] embodying appropriate standards, principles, and procedural safeguards that the agency will apply to the law it administers."); *Marovec*, 693 N.W.2d at 782 ("[W]e think we must give appropriate deference to the commissioner's decision [to dismiss the claimant's appeal for failure to file the required appeal brief] because by law the commissioner is required to adopt and enforce rules and procedures necessary to implement Iowa Code chapter 86."). Specifically, the commissioner excluded the reports under rule 876—4.19(3)(*e*), which authorizes the commissioner to exclude untimely evidence "if the objecting party shows that receipt of the evidence would be unfairly prejudicial." Iowa Admin. Code r. 876—4.19(3)(*e*); *see also Schoenfeld v. FDL Foods, Inc.*, 560 N.W.2d 595,

598 (Iowa 1997) ("Exclusion of evidence is the most severe sanction available under Iowa Rule of Civil Procedure 125(*c*), the rule concerning discovery of experts, and is justified only when prejudice would result.").[1]

The district court determined this was an abuse of discretion because the deputy and the commissioner "assumed that the prejudice to [Serta] inherent in the late disclosure and production of the reports by Hagen was sufficient, in itself, to warrant their exclusion from the record." *See IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 631 (Iowa 2000) ("[The commissioner] failed to exercise that discretion but, instead, merely applied an erroneous rule of evidence to exclude the testimony. A failure to exercise discretion is an abuse of discretion."). But that overlooks the commissioner's analysis in the written decision affirming the deputy's exclusion of the reports. *See* Iowa Code § 86.24(5) ("The decision of the workers' compensation commissioner is final agency action.").

The commissioner examined Serta's claim that it was prejudiced by the untimely reports and decided "there was some element of surprise, as the reports were not timely exchanged, nor was Mr. Karrow timely designated as an expert under the administrative rules." He also acknowledged that deputy commissioners in similar circumstances often remedy untimely evidence by leaving the record open and giving the objecting party an opportunity to seek responsive reports. Nevertheless, the commissioner noted this case was different because the reports from Dr. Kuhnlein and Karrow "were not authored by treating physicians

---

[1]The issue here is the agency's application of its own procedural rules. The standard of review is abuse of discretion. *Boehme v. Fareway Stores, Inc.*, 762 N.W.2d 142, 145 (Iowa 2009). We are not dealing with the commissioner's interpretation of statutory language, where we have frequently not deferred to the commissioner's views despite the commissioner's rulemaking authority under Iowa Code section 86.8(1). *See Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 261 (Iowa 2012).

and were exchanged for the first time roughly two weeks before hearing." Additionally, he observed, "Mr. Karrow's report concluded [Hagen] was permanently and totally disabled, which was an opinion not shared by any other experts in this case." Consequently, the commissioner decided Serta "proved unfair surprise and prejudice by the untimely exchange of these reports" and affirmed the deputy's exclusion.

This analysis goes beyond simply assuming inherent prejudice. More importantly, we cannot say that the commissioner's decision to exclude the reports was "clearly against reason and evidence." *Stephenson,* 522 N.W.2d at 831. Hagen disregarded multiple deadlines and did not submit the challenged reports until about two weeks before the scheduled hearing. Moreover, as the commissioner explained, the reports were not from Hagen's treating physicians and Karrow's report reached an opinion that no other expert in the case shared.

This explanation appropriately differentiates this case from *Schoenfeld v. FDL Foods, Inc.*, where we held the commissioner abused his discretion in excluding an untimely report from the employee's treating physician because there was no "unfair surprise to the other party." 560 N.W.2d at 598. *Schoenfeld* turned on the circumstances of that case, which were that the treating physician's "evaluation report [was] limited to an assessment of the right knee he treated," the physician had already "provided the employer with detailed medical information from the date [the employee] was first examined in November 1992 to his last treatment in April 1993," and "[t]he employer had also received the hospital operative records and had offered them as exhibits at the hearing." *Id.*

The commissioner's explanation also correctly distinguishes this case from *Trade Pros., Inc. v. Shriver*, 661 N.W.2d 119 (Iowa 2003), where we affirmed the commissioner's admission of an untimely medical evaluation report from a doctor who was not the authorized treating physician. *Id.* at 122–23. There, the

company representing the employer's insurance had authorized the doctor to treat the employee, paid her for the employee's first three visits to her office, and sent the doctor a request for the employee's medical records. *Id.* at 122. Thus, the employer and its insurance company knew the doctor had been treating the employee before the employee sought to admit the doctor's report. *Id.* In any event, we clarified, "*Schoenfeld* should not be read so broadly as to require [the] admission of evidence received after the cutoff date on the basis the employer merely knew of the existence of the reporting doctor." *Id.* Although we commended the commissioner for reaching a solution that balanced the parties' interests by admitting the report and giving the employer an additional thirty days to respond, we reiterated that the commissioner's "rulings are discretionary." *Id.* at 123.

Moreover, we have previously held that the prejudice resulting from the untimely designation of an expert need not be great to justify the commissioner's exclusion of that expert's testimony. *See Stephenson*, 522 N.W.2d at 831. For example, in *Stephenson v. Furnas Electric Company*, we affirmed the deputy commissioner's exclusion of an expert's testimony because the party did not identify the anticipated expert witness "as soon as practicable" under the controlling rule of civil procedure at the time. *Id.* Although the prejudice from this delayed identification to the opposing party was "not great," we could not say "that cutting by half (about sixty days to thirty days) the time available for inquiry into the matter and perhaps deposing the newly named expert is totally without prejudice." *Id.*

Just as the deputy commissioner in that case "might well have exercised the discretion by imposing a lesser sanction," *id.* at 832, the commissioner here could have imposed a less extensive sanction by following Hagen's suggestion of leaving the record open and giving Serta the opportunity to obtain rebuttal reports. But that has no bearing on our decision because the commissioner has

the ultimate "responsibility for deciding cases in an expeditious and timely manner," and we should not infringe upon a decision that is well within his prerogative. *Marovec*, 693 N.W.2d at 787; *see also Stephenson*, 522 N.W.2d at 832 ("Although the deputy might well have exercised the discretion by imposing a lesser sanction, we agree with the district court in finding there was no abuse."). Nor does it matter that Serta was penalized for its own late payment of benefits, which the district court noted in questioning Serta's claim of unfair prejudice, because those late payments and this litigation delay are two different matters. One can make required workers' compensation payments late without causing a litigation delay, and vice versa.

> Among other tasks, competent hearing preparation typically
>
> requires identification of an adverse party's expert in sufficient time before [the hearing] to allow for investigation of the qualifications of the proposed expert, his opinions, conclusions and the basis therefor, his experience with the same or similar incidents, his relationship with the parties or their attorneys, the nature and extent of his prior experience as an expert witness, and the cases in which he previously testified regarding the identical subject, among other matters.

*Ellis v. Union Elec. Co.*, 729 S.W.2d 71, 75 (Mo. Ct. App. 1987). Hagen's failure to timely certify Dr. Kuhnlein and Karrow as experts or submit their reports left Serta in the dark about the experts they were supposed to be preparing for and little time to evaluate and respond to these experts' reports. Historically, "[w]e have been reluctant to reverse the Commissioner's imposition of the sanction of exclusion for noncompliance with the scheduling order or the rule that requires information thirty days prior to hearing." *Schoenfeld*, 560 N.W.2d at 598. That remains the case today, and nothing in the commissioner's decision leads us to believe he abused his discretion by concluding Serta demonstrated unfair prejudice that warranted excluding Hagen's untimely evidence.

**IV. Conclusion.**

For these reasons, we vacate the court of appeals decision and reverse the district court decision remanding this matter back to the commissioner with instructions to admit the challenged evidence, reopen the record, and revisit the issues. We remand this case to the district court to enter a judgment affirming the commissioner's decision.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED WITH INSTRUCTIONS.**